## ORMSBEE *against* DAVIS.

*A* having attached goods as the property of *E*, his debtor, *C*, claiming them as his property, replevied them, giving bond with *B* as his surety, to prosecute his writ of replevin to effect, and in case he should fail to make his plea good, to return the goods to *F*, the officer by whom they had been attached. *C* having, by virtue of his writ of replevin, obtained possession of the goods, withdrew his writ of replevin and wholly failed to prosecute it *to effect*; and thereupon the court to which it was brought, rendered judgment against *C*, that he should return the goods to *F*. These were found to be of the value of 489 dollars. *A* obtained judgment against *E* in the attachment suit, for a greater amount. Prior to the attachment by *A*, the same goods had been attached by *D*, another creditor of *E*, in sundry suits, in which *D* recovered judgments against *E*, for more than 3000 dollars. The goods replevied by *C* were taken by *M*, who gave a receipt for them to *F*, in the usual terms; but *M* failed to produce them on the executions, or to deliver them to *F*, or to *A*, or *C*, or *D*, or to pay the value thereof; and the executions were returned unsatisfied. In an action brought by *A* against *B*, on the replevin bond, it was held, 1. that there was a breach of the condition of such bond; 2. that the rule of damages was the value of the goods replevied, with interest since the demand. [One judge hesitating.]

THE declaration and pleadings in this case, are concisely stated in 16 *Conn. R.* 568. & seq. It is there said, that " the second plea terminated in an issue in fact ;" and as the object then was to obtain a decision upon those pleas only which terminated in issues in law, the second plea was " laid out of the case." The attention of the reader will now be directed to that plea and the proceedings under it.

The second plea alleged, that *Franklin Bailey*, the deputy sheriff, who undertook to serve said writ of replevin in favour of said *Saunders*, did not, as stated in his return on said writ and in the plaintiff's declaration, return or redeliver the property described in said writ of replevin and counted on in the plaintiff's declaration, to said *Saunders*, or to any one authorized by him to receive the same. This plea was traversed, by the plaintiff; on which issue was joined.

On the trial of the cause to the jury, on this issue, it was found by them, that the property described in said writ of replevin, was, by said *Bailey*, deputy sheriff, returned and redelivered to said *Saunders*, pursuant to the requirements of such writ, on the 17th of *February* 1841 ; and that said property was of the value of 489 dollars, 40 cents.

It was further proved and agreed, that prior to the attachment of said property on the present plaintiff's writ, the same property had been attached, by said *Bailey*, as deputy sheriff, upon five writs of attachment in favour of *John F. Pond & Co.*, dated the 21st day of *January*, 1841, and returnable to the county court of *Windham* county, *March* term 1841, when *J. F. Pond & Co.* recovered judgments and prayed out executions, dated the 4th day of *March*, 1841, one for 933 dollars, 67 cents, which on the 8th day of that month, was satisfied with other property of *Smith*, the debtor ; another for 299 dollars, 16 cents, of which 121 dollars, 85 cents, was also satisfied with other property, leaving a balance of 177 dollars, 31 cents, due thereon ; another for 398 dollars, 11 cents ; another for 969 dollars, 39 cents ; and another for 749 dollars, 66 cents.

It was also proved, that on the 29th of *January*, 1841, *William B. Mann* gave his receipt for the property so replevied, (with some other property attached in said suits,) the whole being of the value of 1140 dollars, thereby promising to deliver the same to said *Bailey*, on demand, or on default thereof, to pay the value of the same.  On each of the four last-mentioned executions, *Bailey* made an indorsement, which was according to the fact, that on the 29th of *March*, 1841, he, having first made diligent search throughout his precincts, for goods, chattels and estate of said *Smith*, and finding none, made demand of said *Mann* for the property for which he had so given his receipt ; which he wholly neglected and refused to deliver up, and wholly neglected and refused to pay the value thereof, to be applied on said executions ; and that he, therefore, returned them unsatisfied, except as above mentioned.

The defendant also introduced the deposition of *Mann*, given on the 20th of *January*, 1843, that said property was by him received of said *Bailey*, on the 29th of *January*, 1841, and taken into his (*Mann's*) possession ; and that it had never been delivered to said *Bailey*, or accounted for to him ; that said *Saunders* claiming to own the same, and to hold him responsible for it, he had not thought it safe to deliver it either to him as owner, or to the attaching creditor.

Upon the facts thus found and stated, the case was reserv-

ed for the advice of this court, as to what judgment should be rendered thereon.

*Strong,* for the plaintiff.

*Foster* and *T. E. Graves,* for the defendant.

ELLSWORTH, J.   The merits of this case, though somewhat overlaid by a mass of pleadings, are not difficult of discovery.   To those pleadings we have no occasion to allude, with particularity ; for the defendant admits, that judgment must be rendered against him ; so that the only question is one of damages.

It is agreed that the condition of the replevin bond, has not been kept or performed ; and that the property taken in the replevin suit, which has not been returned, according to the order of the county court, is of the value of 489 dollars, 40 cents ; and that this is less than the plaintiff's debt.   It rests upon the defendant to make out, why he should not pay said sum : and this is the line of his defence ; that when the plaintiff, in *January,* 1841, attached these goods, they were in the hands of said *Bailey,* subject to sundry prior attachments, in favour of *Pond & Co.,* to more than their value ; that afterwards, in *March* 1841, *Pond & Co.* recovered judgments to the amount of more than 3000 dollars ; that they took out executions and put them into the hands of one *Skinner,* a deputy sheriff, who made demand of the goods of said *Bailey* and one *Mann,* who had receipted the same ; that all this was done in due season ; and the goods not being forth-coming nor the executions paid, the officer indorsed the same satisfied to a small amount only, and returned them to the clerk's office.   It is a part of the case, that neither the goods, nor the value of them, have been applied in payment of the debts of *Pond & Co.,* or any debt due by *Elisha A. Smith;* nor have said goods been returned to said *Smith.* Why then should not said *Bailey,* or the defendant, who stands in his place, pay the value of said goods ?   Is *Bailey* to keep them ?   If not, when, and to whom, if not at this time and to the plaintiff, is he to be accountable ?

It is said, *Bailey* is liable to *Pond & Co.,* and ought not, therefore, to be compelled to pay the plaintiff.   But is a pos-

*Windham,*
*July, 1847.*

*Ormsbee*
*v.*
*Davis.*

sibility that he may be called upon, by *Pond & Co.*, for an official default, any reason why he should keep the goods? Suppose *Pond & Co.* should not call upon him, is *Bailey* to have the property, notwithstanding the attachment of the plaintiff? It is quite possible that *Pond & Co.* have been paid, or possess other security; for it is more than five years since *Bailey* became liable to them, if at all. Nor is it certain, if *Pond & Co.* should now sue *Bailey*, he could not set up the statute of limitation, which would take away the shadow of liability. Had *Bailey*, as in the case of *Jordan & al. v. Gallup*, 16 *Conn. R.* 536. *satisfied* the debt of a prior attaching creditor, lost by his mistake, he might be treated as an equitable owner of it; and at all events, he could not be made to pay *twice* the same money, for a mere mistake, (as it might be) without disregard of precedents and a violation of first principles.

Besides, if it be, as the defendant says, that *Pond & Co.* have not been paid, they may enforce their executions against *Smith* himself; and then whose are the goods in question? *Smith* too has a right to insist that those goods shall go to pay the plaintiff's debt, or else he may lose them forever.

We advise that judgment be rendered for the 489 dollars, 40 cents, and interest since the demand.

In this opinion the other Judges concurred, Storrs, J. hesitating.

Judgment for plaintiff, with full damages.