# JOHN W HUMPHREY *et al.*

## *v.*

## CHARLES F. TAGGART.

1. REPLEVIN—*bond in.* The condition of a replevin bond to prosecute the suit to effect and without delay, is separate and independent from the conditions to save and keep the sheriff harmless, and to return the property if return thereof shall be awarded.

2. If a plaintiff in replevin fails to prosecute his suit to effect, the obligors of the bond are liable, notwithstanding he may have kept the sheriff harmless and made return of the property.

3. PARTIES—*in suit on replevin bond.* The obligee of a replevin bond may bring suit upon it in the name of the sheriff for his use.

4. PLEA—*in action on replevin bond, must answer whole declaration.* Where a declaration upon replevin bond assigned as breaches that the plaintiff in the replevin suit did not prosecute it to effect and without delay, and did not keep the sheriff harmless, a plea to the whole declaration alleging that the defendants saved and kept the sheriff harmless, is bad on demurrer.

WRIT OF ERROR to the Circuit Court of Stephenson County; Hon. B. R. SHELDON, Judge, presiding.

The facts sufficiently appear in the opinion of the Court

Mr. THOMAS G. TURNER, for plaintiffs in error.

Messrs. GLOVER, COOK and CAMPBELL, and BURCHARD and BARTON, for defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt on a replevin bond, brought by Taggart, the defendant in error, against the plaintiffs in error. The defendants below pleaded four special pleas, to each of which a demurrer was sustained, and judgment was rendered for the plaintiff. The defendants below have brought the record here.

The only point made in the brief of counsel for the plaintiffs in error is, that the fifth plea was good. But it was clearly bad. The first and second counts of the declaration assigned as breaches of the bond that the maker " did not prosecute his suit to effect and without delay." This plea purports to answer the whole declaration, yet fails wholly to answer these breaches. It merely avers that the defendants did save and keep harmless the sheriff in replevying the property, and did make return of the property replevied. The condition in a replevin bond that the plaintiff will prosecute his suit to effect and without delay, is a substantive and independent condition, and as material as any other. If the plaintiff fails to do this he is liable to an action, notwithstanding he may have kept the sheriff harmless and made return of the property, as averred in this plea. The bond is given not only for the protection of the sheriff, but also for that of the defendant, and the latter can bring suit upon it in the name of the sheriff for his own use. To him this condition is most important and is the first required by the statute to be inserted.

*Judgment affirmed.*