## Oscar Skiles

### *v.*

## John M. Caruthers.

1. New trial—*conflict of evidence.* Where the evidence is conflicting as to the representations made as to the quality of cattle sold, and the finding of the jury is not clearly against the preponderance of the evidence, and the jury have been properly instructed, this court will not interfere with the verdict.

2. Instruction—*should state law of the case, only.* An instruction is objectionable where it contains a statement of the case, instead of a plain proposition of law; yet, if it expresses the law of the case, and it is evident, from the instructions on both sides, it could not have misled the jury, the judgment will not be reversed.

3. Practice in Supreme Court—*abstract.* An abstract printed on both sides of the paper, and which gives the evidence in a body, as found in the reporter's notes, without abbreviation, is in violation of the rule of this court.

Appeal from the Circuit Court of Morgan county; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Dummer, Brown & Russell, for the appellant.

Messrs. Morrison, Whitlock & Lippincott, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *assumpsit*, in the Morgan circuit court, on the common counts, originally, but a count on a special contract afterwards inserted by way of amendment, brought by John M. Caruthers, plaintiff, and against Oscar Skiles, defendant, and tried by a jury, resulting in a verdict for the plaintiff. A motion for a new trial having been denied, judgment was rendered on the verdict, to reverse which the defendant appeals, assigning the general errors.

The record discloses a contract for the sale by the plaintiff, to the defendant, of a bunch of Texas cattle, then on the cars *en route* to the Chicago market. They were in four ordinary cattle cars, and were examined by the defendant, so far as he could examine them, by looking through the slats. Defendant had, also, four cars of the same description of cattle, *en route* for the same market, and both parties were passengers on the train. A conversation arose between them about the cattle, and plaintiff claims the result was, an agreement by defendant to purchase his cattle, at four and one-quarter cents per pound, gross weight, to be delivered at the Chicago Stock Yards, and after being fed and watered, and the weight of the cattle ascertained by the weight at the scales when sold, defendant was to pay for the same. What was the precise nature of the contract as to the quality of the cattle,—whether fat, smooth and corn-fed, or ordinary cattle, as they might appear to one desiring to purchase them,—was a matter of contention before the jury.

There was evidence tending to show the cattle were represented and bargained for as fat, smooth, corn-fed cattle. When the cattle reached Chicago, and were weighed, defendant declined to take them, alleging they were not of the description represented. Plaintiff then sold the cattle at the market price, less than the price defendant agreed to pay, and the suit is brought to recover the difference between the price

agreed to be paid by defendant and the sum the cattle brought when sold in the Chicago market.

What were the representations made by the plaintiff as to the quality of the cattle, was a question in dispute, and about which there was conflicting testimony. We can not say the jury have found clearly against the preponderance of the evidence.

If the jury were properly instructed, we can not interfere. All the instructions asked for by both parties were given, and the first of plaintiff's instructions is objectionable as containing a statement of the case, instead of a plain proposition of law; still, it expresses the law of the case, and, taking all the instructions given on both sides, the jury could have no difficulty in reaching a proper conclusion on settling the facts to their satisfaction. We think the judgment should be affirmed.

We must remark, however, that appellant's abstract is not in conformity with the rule of this court, and, as prepared, is quite objectionable. Both sides are printed, and the form of the sheet is unhandy, and, in addition, the evidence is not abstracted, but given in a body, as found in the reporter's notes and embodied in the bill of exceptions. This is also contrary to the rule.

The judgment of the court below will be affirmed.

*Judgment affirmed.*