FABIAN LANGDOC, use, etc.

v.

MAHLON PARKINSON ET AL.

</div>

1.  SUIT ON REPLEVIN BOND—BREACHES.—Appellees executed a bond in replevin, conditioned, first, to prosecute the suit with effect; second, make return of said property, if return thereof be awarded; and third, save and keep harmless the officer in replevying the same. Upon the impaneling of a jury to try the replevin cause, the plaintiff took a nonsuit. This was a clear breach of the first condition in the bond.

2.  DAMAGES FOR NOT RETURNING PROPERTY—PROOF OF.—On the trial in Circuit Court for damages, by reason of a breach of the conditions of the bond, the fee-book showing the taxation of defendant's costs before the justice, was offered in evidence and excluded. This fee bill included items, as costs, for service and return of writ of retorno, etc. If there was a breach

Langdoc v. Parkinson et al.

of the bond in not returning the property, plaintiff should have been allowed to show the costs incurred in getting the property back, if not all the other items in the bill of costs, and the court erred in excluding the fee bill as evidence.

3. Costs on writ of retorno.—The costs of a writ of *retorno habendo* are not the recovered costs in the judgment, but costs accruing after, of enforcing the judgment, and such costs are recoverable under a breach of the second condition of the bond mentioned.

4. Recovery of all costs in the replevin suit.—Under the first breach, and perhaps under the others, the costs which the defendant recovered by reason of the failure to prosecute the replevin suit with effect, may be recovered.

Appeal from the Circuit Court of Iroquois county; the Hon. Franklin Blades, Judge, presiding.

Mr. Robert Doyle, for appellant; cited Petrie v. Fisher, 43 Ill. 442; Fahnestock v. Gilham et al. 77 Ill. 637; Stevison v. Earnest, 80 Ill. 513; Atkins v. Moore, 82 Ill. 240.

Leland, J.   This was an action on a replevin bond, in the usual form, given by appellees, the former as principal, and the latter as security, to Fabian Langdoc, as Coronor of Iroquois county.   Parkinson brought replevin for a stallion against Pearson, the *cestui que use.*

A jury was impaneled in the replevin suit, and, thereupon, the plaintiff, Parkinson, took a nonsuit.   There was judgment of return of the stallion, and that defendant Pearson have and recover of the plaintiff Parkinson his costs and charges.   The suit was commenced before a justice, and of course the pleadings were oral.   The justice, according to his transcript, after careful consideration decided that plaintiff have and recover of defendants $18.95, and costs taxed at $9.90.   The Circuit Court, a jury having been waived, found for the defendants.

The bill of exceptions contains the bond, the judgment of return in the replevin suit, and for costs; also the fee book with the taxation of defendant's costs, at $19.40.   The court, however, excluded the evidence of the taxation of costs as incompetent.

The conditions of the bond were: first, that Parkinson should prosecute his suit to effect, and without delay; second, make return of said property, if return thereof shall be awarded; third, save and keep harmless the said Coroner in replevying said property.

It did not appear on the trial whether the stallion had or had not been returned, and there was no evidence of his value. From the items of costs in the excluded taxation of them, it would seem that a writ of *retorno habendo* had been executed. Such items as these appear: "Retorno habendo service, 65 cents; 8 miles travel, 40 cents; return of writ, 10 cents; levy, 65 cents; 6 miles travel, 30 cents; keeping horse levied on, $1.00."

If there were a breach of the bond for not returning the horse, as is apparent from the above items in the fee bill, it was error to exclude this taxation of the costs which Pearson or Langdoc incurred in getting back the horse, which plaintiff in the replevin suit caused him by not performing his obligation to return. Plaintiff below, if he had obtained the horse back by virtue of the power of the writ, would gain nothing by showing it unless he could prove what it cost him to get him back. The court did not sustain the objection to the fee-book because the offered evidence was out of its proper order, but because it was incompetent. It would, perhaps, have been more orderly to have proved first, the compulsory, not voluntary, return; and second, the expense of the compulsion to do that which it was Parkinson's duty to have done without compulsion, and other damage because of the detention, if any. We think, therefore, plaintiff should have been permitted, under the second breach, to prove what it cost to get the stallion returned by process of law, if not all the other items in the bill of costs. There may, of course, be other damage besides this. If Parkinson did not return the horse, and there was consequent expense in order to obtain him, with other damage, there was a breach of the second condition of the bond, and damages more than nominal. If the objection had been sustained, on the ground that the breach should be first proved, and the damages thereafter, there would have been no error in the exclusion.

Langdoc v. Parkinson et al.

The costs of the writ of *retorno habendo* are not the recovered costs in the judgment, but are costs accruing after judgment; costs of executing or enforcing the judgment. We see no reason why such costs are not recoverable as damages on the second breach of the bond, if as mentioned.

We think, however, the law is, that under the first breach, and perhaps under all and each one, the costs which the defendant recovered because of the failure of plaintiff to prosecute the replevin suit to effect by taking a nonsuit—that is, the defendant's costs recovered in that suit—are properly allowable as damages.

The replevin bond is as well for the benefit of the party defendant in the replevin suit as for the officer. Fahnestock v. Gilham, 77 Ill. 637.

As to allowing costs as damages, see Morris on Replevin, 265; Tibbal v. Cahoon, 10 Watts, 232; Balsey v. Hoffman, 1 Harris (Pa.) 603; Arnold v. Bailey, 8 Mass. 145; Lutes v. Alpaugh, 3 Zab. (N. J.) 165; Leighton v. Brown, 98 Mass. 515; Seldner v. Smith, 40 Md. 602; Peacock v. Haney 37 N. J. L. 179.

That there was a breach of the first condition of the bond is clearly proved, and that there should have been judgment for plaintiff, we have no doubt. Humphrey v. Taggart, 38 Ill. 228. That there should have been damages for not returning the stallion, if there were a breach of the second condition, is also clear. The amount of the damages would, of course, be less if defendant in replevin received his horse, though by means of compulsion, than if he had never obtained him. The book containing the taxation of costs should not have been excluded.

Reversed and remanded.