Auerbach *v.* Marks.

substantial and valuable shadows. Thus would follow the nullification of the legal principle which makes the debtor's possessions liable to his creditors, and honest claimants would be remediless, because of the inefficiency of a statute enacted to facilitate the collection of just demands. There may be minor difficulties in the practical application of the statute, but these in my opinion are easily surmounted. Probably an order appointing a receiver, containing directions for the judgment debtor to do whatever may be deemed needful to transfer the seat, under the rules of the exchange, would accomplish the result sought. This, however, is properly within the province of the court below. The right existing, the law is sufficiently comprehensive and powerful for its enforcement.

The order must be reversed with costs.

CHARLES P. DALY, Ch. J., concurred.

VAN BRUNT, J., dissented.

Order reversed, with costs.

---

SIMON AUERBACH, Respondent, *against* MARCUS MARKS *et al.*, Appellants.

(Decided April 4th, 1881.)

Goods having been replevied in an action therefor against the assignors and assignee in a general assignment for the benefit of creditors, they, to procure the return of the goods to them, gave the requisite undertaking for the delivery of the property to the plaintiff in replevin, if such delivery should be adjudged, and for the payment to him of such sum as might be recovered against them in the action. Upon trial of the replevin suit, the complaint was dismissed as against the assignee, but judgment for the delivery of the goods or their value was recovered by the plaintiff against the assignors ; execution upon which was returned unsatisfied. *Held*, in an action upon the undertaking against the sureties therein, that they were not entitled to show, as a defense thereto, that the property when replevied was in the sole possession of the assignee, and that they executed the undertaking only on his behalf and to procure a return of the property to him.

APPEAL from a judgment of this court entered upon the verdict of a jury by direction of the court.

The action was brought upon an undertaking given to obtain the return, to the defendants in a replevin suit, of the property replevied. The replevin suit was commenced by Simon Auerbach, the plaintiff in this action, against Samuel M. Jacoby and Simon Batt, composing the firm of Batt & Jacoby, who had made a general assignment for the benefit of creditors, and Elias Goodman, their assignee. The property claimed was taken by the sheriff, but was returned upon the delivery to him of an undertaking executed for that purpose by Marcus Marks and Edward Marks, the defendants in this action, as sureties; by which undertaking, after reciting the taking of the property by the sheriff, and that the defendants were desirous of having it returned to them, they bound themselves "for the delivery of the said property to the plaintiff, if such delivery shall be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendants in this action."

At the trial of the replevin suit, the complaint was dismissed as to the defendant Goodman, the assignee, with costs, and a verdict was rendered for the plaintiff against the defendants Jacoby and Batt, upon which a judgment was entered " that the plaintiff, Simon Auerbach, recover of the defendants Samuel M. Jacoby and Simon Batt the possession of the personal property described in the complaint, or $423, the value thereof, in case a delivery of said property cannot be had; and also that the plaintiff recover of said defendants Batt & Jacoby $121$\frac{79}{100}$, costs," &c. No delivery of the property to the plaintiff was had, and an execution issued upon the judgment was returned unsatisfied.

The plaintiff thereafter brought this action against the sureties in the undertaking, alleging in his complaint the facts above stated. The answer of the defendants alleged that at the time of the commencement of the replevin suit the property replevied was in the sole possession of Goodman, the assignee; that they executed the undertaking at his request,

and in his behalf, and to procure a return of the property to him, and not otherwise ; that the property was thereupon returned to Goodman, and that neither Batt nor Jacoby had any interest in or possession of the property at the time of the commencement of the replevin suit; and they claimed that, no judgment having been recovered against Goodman, their liability ceased.    At the trial, evidence offered by the defendants of the facts set up in their answer was excluded, and a verdict directed for the plaintiff, upon which judgment in favor of the plaintiff was entered.    From this judgment the defendants appealed.

*Blumenstiel & Hirsch*, for appellants.

*Meyer Auerbach*, for respondent.

CHARLES P. DALY, Chief Justice.—The defendants were not entitled to show that at the time of the commencement of the suit the property replevied was in the possession of Goodman, and that they executed the undertaking on his behalf only.    The latter part of the offer was, in effect, to contradict the recitals in the undertaking, which they were estopped from doing (*Decker* v. *Judson*, 16 N. Y. 439) ; and the fact that Goodman had the property in his possession when the suit was brought, was immaterial.    When the undertaking was entered into by the defendants the property was in the possession of the sheriff.    The undertaking recites that the sheriff had taken it as empowered by the proceedings instituted ; that the plaintiff claimed that it should be delivered to him; that the defendants were desirous that it should be delivered to them, and that in consideration of the delivery of it to them, the defendants in this action bound themselves for the delivery of it to plaintiff, if a delivery of it to him should be adjudged, and for the payment to him of such sum as might, for any cause, be recovered against the defendants in the action.

The fact that no cause of action was established against the defendant Goodman, and that the complaint was dismissed as to him, does not discharge the defendants from their obliga-

tions. They became bound for the delivery of the property to the plaintiff, if a delivery of it to him should be adjudged, and the result of the action was that it should be delivered to him ; and in case a delivery could not be had, that then he should re- cover the value of it, $423, with interest, out of the personal or real property of the defendants Jacoby and Batt. The sheriff's return showed that he could not find the property to deliver to the plaintiff, nor any real or personal property of the defend- ants Jacoby and Batt out of which to satisfy the judgment.

In consequence of the undertaking, the property was re- turned to all of the defendants, Jacoby, Batt and Goodman. This is inferable from the language of the instrument, the recitals in effect being that they, Jacoby, Batt and Goodman, were desirous of having it returned to them ; and that in con- sideration of the return of it to them, the defendants in this action became bound, &c.

The complaint avers that upon the execution of the under- taking, the property was thereupon returned to the defendants in the action. The answer avers that it was returned to Good- man. The necessary effect of the execution of the undertaking was the delivery of it to the defendants in this action, and if the defendants in this action were entitled to show that it was returned to Goodman, which, in connection with other facts, I think might have been shown, they made no offer to show it. They became bound for the delivery of the property by each and all of the defendants if a delivery of it to the plaintiff was adjudged, and it does not discharge their liability that the de- fendant Goodman was released from any obligation to deliver it by a judgment in his favor. They still remained bound for the delivery of it by the other defendants. All that occurred was a dismissal of the complaint as to Goodman, the only effect of which was to entitle him to costs. It in no way affected the plaintiff's right to the property. Goodman claimed in his answer that the property be returned to him ; but the court did not award a delivery of it to him, but on the contrary, a delivery by the other two defendants to the plaintiff. As respects him, therefore, it must be regarded simply as a judg- ment that he did not wrongfully detain it, and such a judgment

does not entitle a defendant to a return of the property, for it in no way affects the ownership or title of the property (*Angell* v. *Hollister*, 6 Trans. Ct. of Ap. Rep. 209, 210; *Bemus* v. *Beekman*, 3 Wend. 667; *Pierce* v. *Van Dyke*, 6 Hill, 613).

Where there are several defendants the court may adjudge the return of it to one of them and refuse it to others, or may award it to all of them, or part to one and part to another, or to the plaintiff, as the rights of the parties shall appear (Wells on Replevin, §§ 478, 481, 482); or judgment may be given for a defendant on the ground that he did not take or wrongfully withhold, where he came into possession of it for a lawful purpose or in good faith by delivery from the wrongdoer, in which case no return of the property is awarded to him (*Ely* v. *Ehle*, 3 N. Y. 509, 510); which would seem to have been the case here, from Goodman's answer that the property came into his possession as an assignee for the benefit of creditors.

The action of replevin is found upon a tort. It is brought by a party entitled to property against those in possession of it who have wrongfully taken or wrongfully withhold it, or who wrongfully conceal or put it out of their possession to defeat the suit. Where there are several defendants sued as wrong-doers, each may set up a separate defense; each may claim exclusive title to the property, or set up any matter in defense without reference to the pleading or defense of the other; and judgment may be given in favor of one and against the others, or judgment may be for both parties (Wells on Replevin, §§ 16, 21). Thus a defendant may succeed and not be entitled to a return, for a return of the property is ordered only when it appears just.

If the rule were, as the appellant contends, that the sureties are not liable unless judgment is recovered against all the defendants and they are all required by it to make delivery to the plaintiff, then the death of one of the defendants would discharge the sureties altogether, for the cause of action in replevin being regarded as in the nature of a tort, the death of one of the defendants abates the action as to him, though not as to the rest (*Lahey* v. *Brady*, 1 Daly, 443; *Hopkins* v. *Adams*, 5 Abb. Pr. 351; *Webbers* v. *Underhill*, 19 Wend.

447), and the effect would be, if the appellant's construction were adopted, that the plaintiff's suit would go on as respects the other defendants deprived of the security by virtue of which the defendants got the property delivered to them ; that the plaintiff would then lose a security that the statute meant for his benefit if he recovered and failed to get his property or the value of it, a result the statute did not intend; and that construction should be adopted which will beneficially carry out what the statute intended in respect to the party for whose indemnity, in the event of recovery, the instrument is given (*Hoffman* v. *Etna Ins. Co.*, 32 N. Y. 413 ; *Archibald* v. *Thomas*, 3 Cow. 284 ; *Wright* v. *Williams*, 20 Hun, 323 ; *Marvin* v. *Stone*, 2 Cow. 781).

The sheriff was bound to deliver the property to the defendants upon their giving an undertaking in the form prescribed by the statute (Code of 1870, § 211), which was the undertaking here given, and which, under the appellant's construction, would be discharged or of no avail to the plaintiff if one of the defendants should die pending the suit. The plaintiff could get his judgment for the return of the property against the other defendants, but without the security for his indemnity that the statute meant he should have, if the property, instead of being delivered to him in the action upon the undertaking given by him to the sheriff, is delivered by the sheriff to the defendants upon the undertaking which gives them the right to have it delivered to them.

What the sureties undertook was to be bound for the delivery of the property if delivery of it should be adjudged to the plaintiff, and the payment of such sum as might be awarded against the defendants. The argument is that the sureties agreed to be bound if all the defendants failed to deliver it. The answer is that one of the defendants was relieved from delivering it by the judgment of the court. In the language of the undertaking, a delivery of it by him was not adjudged, but it was adjudged that it should be delivered to the plaintiff by the other two defendants ; and it is for their failure to deliver or pay the sum recovered, if the property was not delivered, that the defendants are answerable.

Auerbach *v.* Marks.

It is probably the fact that the judgment, in respect to Goodman, was erroneous in point of form. The averment in the complaint was that the other two defendants, Jacoby and Batt, became wrongfully possessed of the property, and transferred it to Goodman, who wrongfully detained it. Jacoby and Batt deny any wrongful taking of it by them, and aver that they purchased it from the plaintiff, and Goodman avers that he became lawfully possessed of it as the property of Jacoby and Batt, under an assignment made by them to him, for the benefit of creditors; and that he was lawfully entitled to it as such assignee. To maintain the action upon these issues it was incumbent upon the plaintiff to establish a wrongful taking of the property by Jacoby and Batt; and to sustain the action against Goodman, which was predicated upon a wrongful detention of the property on his part, it was necessary to show a demand of it from him, and that he refused to deliver it to the plaintiff. This being proved, the judgment would then have been generally that the defendants deliver it to the plaintiff. If no demand of it had been made of Goodman he would have been entitled to a judgment for his costs, and the property would have been adjudged to the plaintiff, with costs against the other defendants. If the property had been delivered to the plaintiff upon the undertaking given by him, it would have been an easy matter, in this way, to have adjusted the rights and obligations of the respective parties. The property could have been adjudged to the plaintiff in a judgment against the defendants Jacoby and Batt; and the action dismissed as against Goodman, with costs, for the want of a demand of it from him; or if he after demand had refused to deliver it to the plaintiff, it could have been adjudged to the plaintiff, with costs against all the defendants; but the property having been delivered to the defendants upon the undertaking given by them to the sheriff, it was to be regarded as in the possession of all of them; and as all that we know from the record is simply that the action was dismissed as to Goodman, the conclusion must be that it then remained in the possession of the other two defendants, against whom judgment was rendered.

We do not know whether a demand of it from Goodman and a wrongful refusal by him was proved or not. If it was, the judgment should have been against him ; or if not, and it had appeared that he came innocently into the possession of it, the judgment should have been that the plaintiff recover the property from all the defendants ; that a delivery of it be made by them to him, or if not delivered that the plaintiff recover the value of it, to be made out of their personal or real property ; and that Goodman recover his costs, upon the delivery of the property to the plaintiff ; for replevin differs from other actions in this respect, that judgment may be given, as the rights of the parties happen to be in respect of the property, in the condition, situation or status that it is at the time of the trial and the rendition of the judgment (Wells on Replevin, c. 15, § 136 ; *Buckley* v. *Buckley*, 12 Nev. 428).

I think it very probable that a state of facts might have been shown by proving what occurred in the trial of the action against Jacoby, Batt and Goodman—that is, the evidence that was given, upon which the judgment in the action was founded —which would have shown that no recovery could be had against the sureties upon the undertaking on the ground that no liability on their part could arise from the want of a proper judgment and proper proceedings under it. But this was for the defendants to show. All that we have before us is the record in the action against Jacoby, Batt and Goodman, which the plaintiff gave in evidence ; and all that that proves is that the property was delivered to the defendants in that suit upon the undertaking given by the defendants in this ; that the suit was dismissed as to Goodman, which relieved him from the obligation of delivering the property, and that a delivery of it by the remaining defendants to the plaintiff was adjudged. The defendants saw fit to rest their case upon the evidence given by the plaintiff instead of putting in evidence exactly and fully what occurred in the action against Jacoby, Batt and Goodman. All questions determined in the replevin suit are res adjudicatæ, and cannot be inquired into in a suit upon the bond ; but matters not settled or disposed of in that suit may be (Wells on Replevin, §§ 447, 448, and cases there cited).

It is the defendants' own fault, therefore, if a state of facts that might have been inquired into could have been shown, which would have established that there had not been such a judgment, and the proper proceeding under it, as the law requires, to charge the sureties for the failure to deliver the property adjudged to the plaintiff, or to pay the value of it, as fixed at the trial, on the facts before the court below. The judgment, in my opinion, was right, and the only one that could be given, and it should be affirmed.

J. F. DALY, J., concurred.

VAN HOESEN, J., concurred in the result.

Judgment affirmed.