## WILLIAM H. KELLOGG

*v.*

## NOEL B. BOYDEN.

*Filed at Ottawa November 15, 1888.*

1. ALLEGATIONS AND PROOFS—*in suit on replevin bond.* The breach laid in a declaration on a replevin bond need not be broader than the condition in the bond, nor the proof more extensive than the breach. The judgment ordering the return of the goods is proof that the goods mentioned in the bond and the writ were taken, even though the description of the goods in the bond, and in the officer's return to the writ, are not identical, being more complete in the return than in the bond and writ.

2. In such a case, the surety, who alone was served with process, pleaded that the goods alleged to have been taken under the writ were not the goods mentioned and described in the bond, but were other and different goods. The plaintiff gave in evidence the replevin bond, the replevin writ, with the officer's return, the judgment dismissing the replevin suit and ordering a return of the property, and made proof of the value of the goods: *Held,* that this proof, under the issues, made a *prima facie* case entitling the plaintiff to recover the value of the goods not returned.

3. INSTRUCTION—*not based on evidence.* Where no proof is offered in support of an issue tendered by a plea, the court, in instructing the jury, may properly ignore the defense stated in such plea.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. B. M. SAUNDERS, for the appellant.

Messrs. FLOWER, REMY & HOLSTEIN, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Action of debt on replevin bond. The declaration is in the usual form, averring a condition of the bond to be, that the plaintiffs in the replevin suit should prosecute that suit with effect, and without delay, and make return of the replevied property, if return thereof should be awarded, and assigning as a breach thereof, that although the plaintiff herein took and delivered the same to the said plaintiffs in execution of said writ, yet they did not prosecute their suit with effect and without delay, but therein wholly failed, and that judgment was rendered therein, dismissing the same at their costs, and a writ of *retorno habendo* awarded, yet they have not returned the property so replevied, or any part thereof.

Among other pleas, appellant, who alone was served with process, filed the fourth, in which he avers "that the said goods and chattels in said declaration alleged to have been taken by virtue of the writ of replevin therein mentioned, were not the goods and chattels mentioned and described in the said writing obligatory in the said declaration alleged to have been given by this defendant, nor were any part thereof, but the said goods and chattels mentioned as having been taken by virtue of said writ of replevin were other and different from those mentioned in said declaration." Appellee joined issue on this plea, and on it arises the principal controversy in this court, appellant claiming that the proof fails to establish the identity of the property, and that the instructions given on behalf of appellee are erroneous, because they ignore the defense therein set up.

The plea should have been disposed of by demurrer. There is, however, no evidence in the record to support it. Appellee

introduced the bond sued on; the replevin writ, with the coroner's return; the judgment of the circuit court dismissing the replevin suit and ordering a return of the property; and proof of the value of the goods taken. This, under the issues, made a *prima facie* case, entitling him to judgment for the value of the goods replevied and not returned. The breach in a declaration on a replevin bond need not be broader than the condition in the bond, nor the proof more extensive than the breach. (*Peck et al.* v. *Wilson, use, etc.* 22 Ill. 206.) Proof that the goods mentioned in the bond and writ were taken, was made by the introduction of the judgment of the circuit court ordering their return to the defendants.

Appellee seems to base his argument upon the assumption that the coroner's return to the replevin writ proves that the goods taken were not the same as those described in the bond, and that therefore appellee overcame his *prima facie* case by offering that return in evidence. This position is not tenable. The goods described in the bond and writ were cloths. The goods taken by the coroner, as shown by his return, were also cloths. In the bond and writ they are described by numbers, only. In the return, the number of yards in each piece is given, with numbers. The *description* of the goods in the bond and return is not identical, but there is nothing whatever in the return tending to show that the goods themselves are not. There is no proof furnished by appellant on this issue, therefore there is an entire absence of all evidence to support the plea, and the court below properly ignored it in giving instructions to the jury.

The decision of the Appellate Court has settled all controverted questions of fact against appellant. The instructions fairly present the law of the case as made by the proofs.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*


Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in this decision.