## JACOB FRANKS

*v.*

### CANUTE R. MATSON, Sheriff.

*Opinion filed October 24, 1904.*

1. EVIDENCE—*what not competent to prove contents of lost affidavit for replevin writ.* In an action on a replevin bond, if the affidavit for the writ is lost or destroyed its contents cannot be proved by showing a custom of the clerk to copy certain statements contained in replevin affidavits into the writs, there being no testimony that he did so in the particular case.

2. SAME—*what not competent in action on replevin bond.* Proof of an alleged agreement that the return of the property which was made was to be accepted in full discharge of liability on the replevin bond is not competent in a suit on the bond, where counsel have stipulated that the only issue of fact to be determined is whether the property taken under the writ was returned.

3. STIPULATIONS—*stipulations by counsel as to the issues are binding on clients.* Stipulations made by counsel restricting the issues to certain facts are binding upon their clients, and the parties must be limited to the issues so stipulated.

4. REPLEVIN—*failure to prosecute replevin suit renders plaintiff liable.* Failure of plaintiff in replevin to prosecute the suit renders him liable upon the bond for nominal damages at least.

5. SAME—*measure of damages in suit on replevin bond.* If the plaintiff in replevin, after judgment of return, fails to return all of the property, and that which is returned is injured, the measure of damages in a suit on his bond is the value of the goods not returned, with legal interest from the time of the replevin, and deterioration in value of those returned resulting from the injury, with legal interest from the date of their return.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding.

PAM & HURD, for appellant.

MERRIAM & PHELPS, and WARREN B. WILSON, (J. W. MERRIAM, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of debt, begun in the superior court of Cook county on a replevin bond, dated April 25, 1887, executed by Esther Dambach as principal, and the appellant, Jacob Franks, as surety, to the appellee, as sheriff of Cook county, in the penal sum of $4000.00, reciting that on April 25, 1887, Esther Dambach sued out of said court a writ of replevin against Mary Milleman and Henry Hertz for the recovery of certain property, being the fixtures and stock of goods in a drug store, known as No. 353 West Twelfth street, Chicago. The condition of the bond was that, if Esther Dambach, the plaintiff, "shall prosecute her suit with effect and without delay and make return of said property, if return thereof shall be awarded, and save and keep harmless the said sheriff in replevying the property and pay all costs and damages occasioned by wrongfully suing out said writ of replevin, then said obligation to be void, otherwise to remain in full force and effect." The replevin writ in the replevin suit, brought by Esther Dambach, as plaintiff, against Henry Hertz, the coroner, and

Mary Milleman, as defendants, described the property re-plevied on the date of the writ, to-wit, April 25, 1887, as being worth $2000.00. On May 31, 1887, the replevin suit, so brought by Esther Dambach, was dismissed on her own motion, and judgment was entered that the defendants therein, Hertz and Milleman, should recover from the plain-tiff, Esther Dambach, their costs and charges and have exe-cution therefor, and that a writ of *retorno habendo* should issue for the return of the property replevied. On the same day, to-wit, May 31, 1887, a part of the property replevied was returned to Mary Milleman.

The pleadings in the present action upon the replevin bond were originally quite complicated, some nine or ten pleas having been filed, together with replications thereto, and rejoinders to the replications. Upon the trial of the case, however, the issues were simplified by a stipulation of counsel, made in open court, to the effect that the only issue of fact to be tried in the case was, whether or not the prop-erty, taken under the replevin writ in the replevin suit in which the bond sued upon was given, was returned to the beneficial plaintiff in the suit on the bond, to-wit, Mary Milleman.

The suit was tried before the court and a jury, and the jury returned a verdict, finding the issues in favor of the plaintiff, and that the defendant below, the present appel-lant, Jacob Franks, was indebted to the appellee, in the sum of $4000.00, and assessing the plaintiff's damages at the sum of $1341.33. Motion for new trial was overruled, and judgment was rendered upon the verdict. Upon appeal to the Appellate Court the judgment has been affirmed; and the present appeal is from such judgment of affirmance.

All the controverted questions of fact are settled by the judgment of the superior court in favor of the plaintiff, and the judgment of the Appellate Court, affirming the judg-ment of the superior court. We will only consider such grounds, as the appellant urges for a reversal of the judg-ment rendered below.

*First*—Upon the trial below it appeared that the affidavit in replevin, filed by Esther Dambach, had been lost, or was not to be found among the files in the replevin suit. Testimony was introduced, tending to show that the attorney of appellee made proper search for the affidavit, and was unable to find it. He testified that he found in the files a receipt to the clerk of the court for the affidavit, filed in the case of *Dambach* v. *Millcman* and signed by the attorneys for the plaintiff in the replevin suit. Appellee's attorney stated that he had no personal knowledge that the affidavit had ever been filed, except the fact that the receipt in question had been executed. After the statements thus made by appellee's attorney in regard to the absence of the affidavit from the files, and the presence therein of a receipt for it by plaintiff's attorneys, a deputy clerk of the superior court by the name of George S. Dixon was put upon the stand, and testified that he was such deputy clerk at the time the writ of replevin was issued; that the written portions of the writ were in his handwriting, and that it was the custom and rule in the clerk's office to copy the value of the goods, as stated in the writ, from the affidavit, and that there was no other source from which he could have obtained it. He stated on cross-examination that he did not know before whom the affidavit was subscribed, or sworn to, or by whom it was filed, and had no recollection concerning the transaction. The first ground of reversal, urged by the appellant, is that the trial court erred in admitting the testimony of Dixon as thus recited. We are inclined to think that the admission of the testimony was erroneous. There was no testimony as to the contents of the lost affidavit in replevin. The only evidence of the alleged fact, that the affidavit stated the value of the property replevied, was the statement of the deputy clerk, that it was the practice of his office to copy into the writ of replevin the value of the property as stated in the replevin affidavit. But whether in this instance he did so copy the value he was unable to say. The prac-

tice or custom of the clerk's office in this regard was incompetent to prove the contents of the lost affidavit. What the clerk or deputy clerk may have done in other cases could not be converted into proof of what actually took place in this particular proceeding. (*Jackson* v. *Bry*, 3 Ill. App. 586).

But we are unable to see how the admission of the testimony of Dixon, though improper, worked any injury to the appellant. We do not deem it necessary to decide whether or not the statement of the value of the property replevied in the replevin affidavit would be conclusive evidence of such value as against appellant, even if the loss of the affidavit and its contents had been properly proved. It is sufficient to say that in the present case there was abundant evidence of the value of the property, taken under the replevin writ on April 25, 1887, outside of any recital in the replevin affidavit or writ. Mrs. Milleman swore that, when the property was taken from her on April 25, 1887, it was worth $2000.00.

In addition to this the testimony tends to establish the following state of facts: '

Mrs. Mary Milleman owned a drug store, containing the necessary fixtures of such a store at the place above named, and on February 27, 1887, made a sale of the store to Edward Dambach, the husband of Esther Dambach, for the sum of $2000.00. Mrs. Milleman, the vendor, and Edward Dambach, the purchaser, appear to have been in joint possession of the store, running and operating it as an organized business, from the day of the sale on February 27, 1887, until about the 4th or 5th of April, 1887. At the latter date Edward Dambach executed to Mrs. Milleman a chattel mortgage upon the stock and fixtures in the store to secure a note for a part of the purchase money. Upon the execution of this mortgage the exclusive possession seems to have been given to Edward Dambach. Subsequently, and not later than April 25, 1887, Edward Dambach confessed a judgment in favor of one Turner, and, under an execution issued upon this judgment, the sheriff levied upon the stock

of goods and fixtures. He held them, however, only a short time, when they were replevied from him under a writ of replevin sued out by Mrs. Milleman in a replevin suit entitled Mary Milleman *v.* Canute R. Matson and Bartholomew Quirk, the latter being a deputy. Almost immediately after the property was receipted for by Mrs. Milleman, it was taken from her possession by the sheriff under the writ of replevin in favor of Esther Dambach, wife of Edward Dambach, in the suit in which the bond here sued upon was given.

The affirmative testimony, that the replevied property was worth $2000.00, and the fact, that shortly before it was replevied by Esther Dambach it was sold by Mrs. Milleman to Esther Dambach's husband for $2000.00, tends to establish its value at that figure. Inasmuch as its value was thus shown to have been $2000.00, independently of any recital in the replevin affidavit, the finding of the jury upon that subject was justified by the evidence, and, the preponderance of the evidence being in favor of the finding, the cause should not be reversed for the erroneous admission of the testimony in regard to the contents of the affidavit. If the objectionable evidence, which was admitted, had been excluded, the result would have been the same, and, where a court of review can see that an error so complained of was harmless, it will not reverse the finding of the trial court. (*Leigh* v. *Hodges,* 3 Scam. 15).

Where the evidence is conflicting upon a question of this kind, and the finding of the jury is not clearly against the preponderance of the evidence—and here it is not—and the jury have been properly instructed, this court will not interfere with the verdict. (*Skiles* v. *Caruthers,* 88 Ill. 458; *Hayes* v. *Houston,* 86 id. 487; *Illinois Central Railroad Co.* v. *Gillis,* 68 id. 317). The case is different where the evidence is conflicting, and the jury have not been properly instructed. In the case at bar, while the evidence in regard to the value of the property may have been to some extent conflicting, yet the jury were instructed in accordance with the theory of the appellant and in pursuance of appellant's

request. For instance, the sixth instruction, given to the jury in behalf of the appellant upon the trial below, stated to them that "in determining what the fair cash market value of such property was at the date on which the same was taken, you are not concluded by the value placed thereon in any affidavit, or affidavits, filed in this or any other proceeding concerning the value of said property; but such value you should determine from all the facts and circumstances disclosed by the proof, which show or tend to show the actual, fair cash market value of such property at the time the same was so taken."

*Second*—The second ground, urged by the appellant in favor of a reversal, is that, in its rulings upon the evidence and in its refusal of instructions asked by appellant, and its modification of other instructions asked by appellant, the court refused to permit the appellant to introduce testimony for the purpose of showing, that there was an agreement between Mary Milleman and appellant, whereby the return of the property, which was made, was to be accepted as a full discharge of all liability under the bond. The action of the court in this regard was proper in. view of the stipulation made by the appellant's counsel. The record shows clearly and distinctly that, at the beginning of the trial below and before any evidence was introduced, it was agreed by counsel that the only issue of fact to be determined in the case was, whether or not the property, taken under the replevin writ in the suit in which the bond was given, was returned to Mrs. Milleman, the beneficial plaintiff in the suit at bar. If the only issue was whether there was a return of the replevied property, the existence or non-existence of such an agreement, as was insisted upon, was immaterial. Esther Dambach voluntarily dismissed her replevin suit, and judgment was therein rendered in favor of the defendant therein and against her for the return of the property. It was not denied that the title of the property was in Mrs. Milleman when it was taken from her under the replevin writ on April 25, 1887. She was, there-

fore, entitled to nominal damages even if all the property taken had been returned. Where a plaintiff in replevin neglects to prosecute the replevin suit to final judgment in conformity with the conditions of his bond, the defendant in replevin may have judgment for nominal damages in an action on the bond. The failure to prosecute the replevin suit to success renders the obligors liable at least for nominal damages. (Cobbey on Replevin,—2d ed.—secs. 1356, 1388; *Humphrey* v. *Taggart,* 38 Ill. 228; *Petrie* v. *Fisher,* 43 id. 442; *Langdoc* v. *Parkinson,* 2 Ill. App. 136; *Rankin* v. *Kinsey,* 7 id. 215; *Schweer* v. *Schwabacher,* 17 id. 78). Where all the issues, raised by the pleadings except one, are abandoned by the defendant at the trial, the defendant is voluntarily restricted to that one defense. (Gould's Pleadings,—Heard's 5th ed.—chap. 3, secs. 167, 168).

The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause. Among conclusive presumptions of law are admissions solemnly made in the course of judicial proceedings, and among such admissions are agreements of counsel restricting the issues to certain facts. (1 Greenleaf on Evidence, secs. 27, 186). Under the stipulation made in the case at bar, the only issue tried was whether or not the property, taken on the replevin writ in the suit in which the bond was given, was returned. By their verdict the jury decided that only a part of the property so taken was returned, and the judgments of the lower courts are conclusive upon this question.

*Third*—The third ground, urged by appellant in favor of a reversal of the judgment below, is that one of the instructions, given by the court to the jury upon the trial below, was erroneous. That instruction was as follows:

"If the jury believe from the evidence under the instructions of the court that the plaintiff is entitled to recover more than nominal damages, they are instructed that the measure of damages in this case is the value of such goods and chattels when replevied in the suit in which the bond

sued on was given, that is, on the 25th day of April, 1887, less the value of the goods returned to the plaintiff, or Mary Milleman, or Henry Hertz, in the condition they were when so returned, or when they came to the hands of the plaintiff, or said Milleman, or Hertz, and interest on any sum so found from the 25th day of April, 1887, to the first day of July, 1891, at six per cent per annum, and from the first day of July, 1891, to November 5, 1902, at five per cent per annum."

If we understand the objection, made by counsel for the appellant to this instruction, it is this, that the jury are permitted by the instruction to give to the plaintiff damages for the depreciation in value of the property replevied during the period, which elapsed between April 25, 1887, when the property was taken from Mrs. Milleman under the replevin writ, and May 31, 1887, when the property, or a part of it, was returned to her. The position of counsel is that damages, arising from a depreciation in value of the property during the period in question were special damages, and could not be recovered without a special allegation in the declaration setting up such special damage, and that, as there was no such allegation in the present declaration, a recovery could not be had.

In the first place, the appellant is estopped from urging this objection to the instruction, because similar instructions, embodying the same principle, were given by the court at its request and on its behalf. It is not error to instruct the jury in favor of the plaintiff as to a fact, in regard to which similar instructions are asked by the defendant. The defendant cannot complain of an instruction given at his request. (*Illinois Central Railroad Co.* v. *Anderson*, 184 Ill. 294; *Consolidated Coal Co.* v. *Haenni*, 146 id. 614). In the second place, the objection assumes that all of the property was returned, and that there was a depreciation in value between the time of the taking of it and its return. The evidence tended to show that, while the property was in the possession of Esther Dambach, the stock was depleted,

and the portion returned was only a part of the property originally taken. The measure of damages was certainly the value of the property taken less the value of the property, which was actually returned. This principle we think is clearly enunciated in the instruction given. Inasmuch as it is here conceded that the property, taken under the replevin writ by Esther Dambach from Mrs. Milleman, belonged to the latter, then in the suit on the bond she certainly has a right to recover its value. Where the title of the plaintiff to the property replevied is conceded, or is determined in favor of the plaintiff in the replevin suit, the amount of damages in an action on the replevin bond will be the value of the property taken, or, if a part of it has been returned, the value of the property taken less the value of that which has been returned. "The value of the goods, which have been ordered to be returned and have not been restored in compliance with the order, with interest, will usually be the measure of damages in such cases." (Wells on Replevin, secs. 457, 458; *Ormsbee* v. *Davis,* 18 Conn. 555). "Where the plaintiff is successful, and where a part of the goods sued for were not found by the officers and have not been delivered, the plaintiff is entitled to recover the value of such undelivered part, and interest upon such value from the time of taking may also be added as proper damages. In an action upon the bond for a failure to make return when the property should have been returned, but was not, and was converted, the value with interest thereon was allowed." (Wells on Replevin, secs. 539, 540). Where there is a judgment of return against the plaintiff in replevin, and he fails to return some of the goods, and those which are returned are injured, the measure of damages in a suit on his undertaking is the value of the goods not returned, with legal interest from the time of the replevin, and deterioration in value of those returned resulting from such injury, with legal interest thereon from the date of their return. (Cobbey on Replevin, —2d ed.—sec. 1350; *Sturges* v. *Keith,* 57 Ill. 451; *Otter* v. *Williams,* 21 id. 117; *Hopkins* v. *Ladd,* 35 id. 178;

*Washington Ice Co.* v. *Webster,* 125 U. S. 426; *Kellogg* v. *Boyden,* 126 Ill. 378).

In *Broadwell* v. *Paradice,* 81 Ill. 474, it was held that, where property levied on by an officer under an execution is taken from him on a writ of replevin at the suit of a stranger, and afterwards the replevin suit is dismissed, and a return of the property awarded, the court should assess the officer's damages for the detention of the property at whatever the use of the property was worth for the time it was detained. In *Hopkins* v. *Ladd,* 35 Ill. 178, it was held that, where an action of replevin is dismissed and the court rules a return of the property, and an action of debt is brought on the replevin bond, in which the breach consisted of a failure to return the property, interest was properly recoverable, the defendant not having returned the property.

In the case at bar, no damages were assessed in the replevin suit, and there was no opportunity given to assess them in that suit. No offer was made on the part of the appellee to introduce testimony for the purpose of showing a depreciation in value of the goods during the brief period between April 25, 1887, and May 31, 1887. The evidence tended to show that only a part of the goods replevied were returned, and that out of the part so returned appellee, or the beneficial plaintiff, Mary Milleman, realized only $500.00. The proof tended to show that the value of the goods not returned was larger than the amount with interest found by the jury. We are of the opinion that there was no such error in the giving of the instruction above quoted, as would justify a reversal of the judgment.

We have thus reviewed all the objections called to our attention by counsel for appellant, and find them to be insufficient to work a reversal.

Accordingly, the judgment of the Appellate Court, affirming the judgment of the superior court, is affirmed.

*Judgment affirmed.*