**Thomas M. Hunter, Bailiff, for use of Charles R. Ernst, Defendant in Error, v. Commercial Security Company et al., Plaintiffs in Error.**

### Gen. No. 18,226.

1. REPLEVIN—*evidence of breach of bond.* In an action on a replevin bond, the evidence is sufficient *prima facie* to warrant a finding that there was a breach of the condition to prosecute the replevin action with effect, where the affidavit and writ in the replevin action, the appearance of defendant therein, the writ of *retorno habendo* with its endorsements showing that the property replevied was returned, and a docket entry of the replevin judgment are introduced, even though the docket entry does not amount to a judgment.

2. REPLEVIN—*liability on bond.* Where a plaintiff in replevin fails to prosecute his action with effect, the obligors on the replevin bond are liable for at least nominal damages, costs and reasonable attorney's fees though the property is returned.

Error to the Municipal Court of Chicago: the HON. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 29, 1913.

KRUSE & PEDEN and R. C. MERRICK, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant in error recovered a judgment for $55.50 in the Municipal Court, in a suit upon a replevin bond.

The record shows that this amount was assessed by the court as damages for a breach of that condition of the bond which provides that the principal obligor shall prosecute its replevin suit with effect, and that the items allowed consist of $50 for attorney's fees, and $5.50 costs. To prove such breach, defendant in error offered in evidence the affidavit and writ in the replevin suit, the appearance of the defendant therein, the writ of *retorno habendo* with its endorsements, showing that the property replevied was returned to the plaintiff therein, and a docket entry in the following form: "Commercial Security Company v. Charles R. Ernst. Date, May 2, 1911; Judge, Eberhardt; orders entered, Tr. by Ct. Plff. takes non-suit. Judg. for deft. in repn. reto. hab. etc." All these documents were admitted in evidence without objection, and the stenographic report of the trial shows no motion to exclude the evidence thus admitted, nor to find for the defendant, either at the close of plaintiff's case or of all the evidence. Hence, even if the docket entry above quoted does not amount to a judgment under the ruling in *Stein v. Meyers,* 253 Ill. 199, still, we think the other evidence is sufficient, *prima facie* at least, to warrant the court in finding that there had been a breach of the condition to prosecute the suit with effect. The evidence offered did not purport to be a complete record of the replevin suit. The *retorno* recites that in the replevin suit, "such proceedings were had    *    *    * that the right of the said property was adjudged to be in the said defendant, and a return thereof awarded to him," which, of course, could not be true if the plaintiff in the replevin suit had prosecuted its suit with effect. The oral testimony, as well as the return to the writ of *retorno,* shows, without dispute, that the property replevied was in fact returned to Ernst after a trial of the replevin suit. For aught that appears, a formal judgment may have been entered from the clerk's docket entry as a minute. Under these circumstances,

we think the objection to the evidence comes too late when first made in this court.

When a plaintiff in replevin fails to prosecute his suit with effect, the obligors on the replevin bond are liable for at least nominal damages, costs and reasonable attorney's fees, even though the property be returned. *Gilbert v. Sprague,* 196 Ill. 444, 453; *Humphrey v. Taggart,* 38 Ill. 228.

The merits of the case were very fully tried. The court held that the Commercial Security Company, through its authorized agent, sold the piano in question to Ernst, the defendant in the replevin suit, and received in part payment for the same, a smaller piano at an agreed value. We think this finding is supported by a preponderance of the evidence.

The judgment will be affirmed.

*Affirmed.*