[No. 7954.]

TRINDLE ET AL. v. THE REGISTER PRINTING & PUBLISHING COMPANY ET AL.

1. REPLEVIN—*Effect of Verdict.* A verdict for the plaintiff fixing the total value of the goods, not valuing any item separately, is conclusive upon the defendant, and his surety in the redelivery bond. (85)

-2. ——*Re-Delivery Bond,* executed by defendant, who by force thereof, under the statute, has return of the goods, is not satisfied by the delivery and acceptance of part of the goods in damaged condition. (85)

The whole of the chattels must be surrendered in like good order and condition as when replevined. (85)

· 3. ——*Parties—Dismissal of One Defendant,* in replevin, does not discharge the surety in the re-delivery bond. (86)

*Error to Larimer District Court.*—Hon. J. W. SHEAFOR, Judge.

Messrs. CARLSON & COFFIN, Mr. JOHN H. SIMPSON, for plaintiffs in error.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. WILLIAM H. FERGUSON, for The Empire State Surety Company.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The judgment here for review was the result of an action in the District Court, wherein plaintiffs in error sought to obtain a judgment against the defendants in error on a redelivery bond given by the defendants in a replevin action. The replevin action was prosecuted by these plaintiffs in error against The Register Printing and Publishing Company and one Houck. The defendants gave a redelivery bond for $7,000 with the Empire State Surety Company as surety, and the property was returned by the sheriff.

On a trial of the replevin action, the court found that Houck was not in possession of the property at the time of demand therefor, made before the replevin action was brought, nor at any time thereafter, and for that reason the replevin action was dismissed as to him. He was the president of the printing company. The court also found that the printing company retained possession of the property by the execution of the redelivery bond; that the printing company still had possession of it at the time of the judgment, and that the plaintiffs were entitled to the possession. It was adjudged that the plaintiffs have judgment for the possession of the property or in case delivery thereof cannot be had that they have judgment for the value of the said property, to-wit., the sum of $3,500. It was further adjudged that the plaintiffs have damages for $136.80 for the un-

lawful detainer of the property and for their costs. After this judgment was rendered, a special execution was issued against the printing company, commanding the sheriff to put the plaintiffs in possession of the property, describing it, and that he make the sum of $136.80 and costs out of the property of the printing company.

To this execution the sheriff made return that he took possession of so much of the property as could be found and offered to return it to the plaintiffs; that a large portion of it could not be found; that the plaintiffs claimed that a large portion of what could be found had greatly deteriorated in value; that the defendant and the surety on the bond were notified of these facts, and the property found was appraised, and such as was found was listed by the sheriff and the value thereof as appraised was stated in his return.

In the action on the redelivery bond, the District Court found that on the trial of the replevin action the plaintiffs stated that they had no evidence against Houck, and could not ask for a judgment against him, and thereupon the court found as it did with respect to Houck, and dismissed the action as against him. The court further found that the sheriff executed the special execution by taking possession of the property set forth in the statement attached to his return, and that all of those articles so stated were delivered to the plaintiffs; that at the time of the delivery of the property to the plaintiffs, a portion of the property involved in the replevin suit could not be found, and that which was found and delivered to the plaintiffs was in a damaged condition, which greatly reduced its value, the value at the time of return being the sum of $471.60, which the plaintiffs credited upon the judgment in the replevin action; that there was nothing in the evidence upon which to determine the value at the time of the commencement of the replevin

action of the articles returned to the plaintiff, nor to show the value of any of the property that could not be found. Upon these facts, the court found, as a matter of law, that the acceptance of a portion of the property in a damaged condition operated in law as a satisfaction of the judgment in replevin, and that the same effected a discharge of the surety on the redelivery bond. The court held that the plaintiffs were not entitled to recover and dismissed the action. The plaintiffs in error complain here of this action of the court.| The redelivery bond, upon which the action was predicated, after reciting that the sheriff took the property from the possession of the defendants by virtue of the writ of replevin, and describing it, and that the defendants desired that the property be redelivered to them, proceeded as follows:

"Now, therefore, we the undersigned, in consideration of the premises and of the said re-delivery of the said property from the said plaintiff to the said defendants, do undertake, promise and acknowledge to the effect that we are jointly and severally bound unto the said plaintiff in the sum of seven thousand ($7,000) dollars (being double the value of the said property as stated in the affidavit of the plaintiff), for the delivery thereof to the said plaintiff, if such delivery be adjudged, and for the payment to them of such sum as may for any cause be recovered against the said defendants, and this defendant hereby waives any and all damages or costs to them as against the said sheriff by reason of his having made said levy."

In the replevin action, the delivery of the property to the plaintiffs was adjudged, and if delivery was not made they were to recover its value—$3,500. The property must be returned in like good order and condition as when replevied.—Wells on Replevin, (2d Ed.) Secs. 422, 484; Shinn on Replevin, Sec. 679.

The court erred in holding that the acceptance of a portion of the goods operated as a satisfaction of the judgment in replevin and the release of the surety. The part returned to the plaintiffs, and for which they gave credit to the amount of its value when returned, operated only as a partial satisfaction.—*Franks v. Matson,* 211 Ill. 338; 71 N. E. 1011; *Wash. Ice Co. v. Webster,* 125 U. S. 426, 8 Sup. Ct. 947, 31 L. Ed. 799; *Yelton v. Slinkard,* 85 Ind. 190.

In the present case it matters little how the measure of damages with reference to the return of the property is stated for it amounts to the same thing whether it is said that the measure is the difference between the value of the property returned at the time of the return, and the value of all the property as determined in the replevin action, or that it is the value at the time of the original demand of the property not returned plus the depreciation in value of that returned. In the judgment in the replevin action the value of all the property was fixed at $3,500 at the time of the original demand. The items were not valued separately. The value thus fixed was conclusive upon the defendant and its surety. *Cantrell v. Babcock,* 11 Colo. 143. If the value of the part returned was $1,000 at the time of the original demand, then the value of that not returned must have been $2,500. The value of that returned was $471 when returned, and if its former value was $1,000 the depreciation in it would have been $529. If to this depreciation, there be added $2,500—the value of that not returned—the result would be $3,029. If from the value of all the property, $3,500, there be taken $471, the value when returned of that returned, the result would be the same, $3,029. In any event, it is plain that the plaintiffs were entitled to $3,500 worth of property and they only received $471 worth. We are inclined to think that if a man owes another

$3,500 and pays but $471 he would still owe $3,029, no matter in what form the measure of damages may be stated.

In the replevin action, the court found that Houck was not in possession of the property at the date of the demand therefor, nor at any time thereafter, and for that reason dismissed the action as to him. This dismissal of the action as against Houck did not operate to discharge the surety as contended by defendants in error.—*Smith v. Atkinson,* 18 Colo. 255, 32 Pac. 425; *Auerbach v. Marks,* 10 Daly, 171.

The judgment is reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. Justice Garrigues and Mr. Justice Scott concur.

On hearing of a motion for rehearing in the foregoing matter, Mr. Justice Gabbert sitting in place of Mr. Justice Garrigues, the motion is denied.