Watson, J.
 

 — It was a condition precedent, on the part of the plaintiff, that he should give the patent a thorough trial, for the term of nine months, before he could re-assign it to the defendants, and entitle himself to recover from them the amount of the consideration paid for it. It was therefore necessary for him to aver in his complaint, either a performance of this condition, an excuse for non-performance, or a waiver of the condition by the defendants. We find it accordingly alleged in the complaint, that after the written agreement *was executed, the defendants promised and agreed with the plaintiff, that they would, *- within a few days or weeks, furnish and deliver to him some wheels manufactured according to the plan of the patent, or some patterns thereof, in order to enable him to carry out the object of the assignment, and to make a trial of the improvement; but that they wholly neglected and refused to deliver them, or either of them, or to provide the plaintiff with any means for making a trial of the improvement, although requested so to do, whereby he was wholly prevented from making such trial, and the assignment was rendered useless to him, and he, therefore, re-assigned the patent to the defendants, and they
 
 accepted and received
 
 the re-assignment.
 

 The written agreement contains no provision binding the defendants to furnish the wheels or patterns to make the trial, nor is any consideration for their promise to do so set forth in the complaint, and if this neglect and refusal on the part of the defendants was the
 
 foundation of the action,
 
 the complaint would be clearly bad, as no cause of action could arise against any party for the neglect or
 
 *196
 
 refusal to do an act which he was not bound to perform. This was the view taken of the case by the learned justice who presided at the special term, where it was first argued, and although we have not been furnished with any opinion, if any was given, at the general term, I presume, that court entertained the same view. With great respect for the two tribunals which have successively passed upon the case, I am compelled to differ from them in the conclusion at which they arrived. Had the plaintiff performed the condition as to the trial of the improvement, to the very letter, he would hot, by that act alone, have laid the foundation for recovering back the consideration-money from the defendants. It was not on the performance of that condition, that the defendants promised to pay back the money, but on the re-assignment of the patent. It is true, that without perforihance of the condition, the defendants might have refused to accept' the re-assignment, and then the plaintiff could not have sustained an action against them; but although they might have insisted upon such per- * onv i f°rmance> is equally true, that they ■ could waive it, and accept the re-assignment without requiring it, and if they did so waive it, the plaintiff was excused from-such performance, and could recover without alleging or proving it. And independently of the question of waiver, if the defendants, by their acts, prevented the performance by the plaintiff of the conditions of his contract, he was excused from such performance. It is a w&ll-settled and salutary rule, that a party cannot insist upon a condition precedent, when its nonperformance has been caused by himself. (3 Johns. 531; 14 Wend. 219; 1 Barb. 338; 14 Mass. 266; 1 Pick. 287.)
 

 Applying these principles to the complaint demurred to, let us proceed to examine, whether it sets out facts sufficient to constitute a cause of action. It sets out the agreement entire, the last clause of which is as follows: “Now, then, the said Hunter and Merrill hereby agree,
 
 *197
 
 that if the said Daniel Young, after giving the said improvement a thorough trial for the term of nine months, shall not be able to make the same useful or profitable to him, he shall be at liberty to re-assign the right so sold to him, and the said Hunter and Merrill, on such re-assignment, shall surrender up the said note of thirty dollars, and pay the above sum of ninety dollars for the said wagon.” I have given entire this part of the agreement, because the whole case turns upon it. The complaint then shows, that the defendants, who alone had the right to insist that the trial should be made, promised the plaintiff that they would, within a few days or weeks, furnish him with the requisite materials to make the trial. Upon this promise he relied, and having waited in vain for the delivery of the materials, through the whole time stipulated for the trial (a request for their delivery not having been complied with), he was prevented from making the trial, and could not ascertain whether the improvement would be useful or profitable. By the act and neglect of the defendants, the plaintiff was prevented from determining the fact, upon the determination of which he was bound to keep the right assigned to him. In this view of the case, I regard it as of no importance, that the ^promise of the defendants was without consideration. It is suffi- *- cient, that the plaintiff, in good faith, relied upon it, and was thus
 
 by their act
 
 induced to neglect the strict observance of the conditions of his contract. It does not become the defendants to allege, nor can they be permitted to allege, that their promise should not have been relied upon. The act of a party which prevents the performance of a condition in his favor, is not the less effectual for being gratuitous.
 

 The complaint then further shows, that after the failure
 
 (so
 
 induced!) to test the value of the patented improvement, the plaintiff executed and delivered to the defendants, a re-assignment of the interest which had been
 
 *198
 
 assigned to him, which
 
 they accepted.
 
 By accepting it, with full knowledge that the trial had not been made, they waived the condition requiring it to be made. (1 Barb. 337-38; 1 Saund. 287, note 16.) The defendants thus, by their own consent, became repossessed of all the interest which they had parted with, and by the terms of*their agreement, the plaintiff’s right to recover back the consideration which he had paid, became complete. It might also, with propriety, be said, that by accepting the re-assignment, with its recitals, the defendants admitted that the plaintiff was prevented by their acts from performing the conditions of his contract, and that his excuse for non-performance was sufficient.
 

 I think, the complaint sets forth a good cause of action, and that the plaintiff is entitled to judgment in his favor. This will do complete justice between the parties; the defendants have received back what they parted with, and the plaintiff will recover what he paid, the consideration for which has failed through the fault of the defendants. The judgments of the general and special term should oe reversed, and judgment rendered in favor of the plaintiff.
 

 Judgment reversed, and judgment for the plaintiff.
 

 Jewett, J., dissented.