CHRISTOPHER F. HEATH & another *vs.* MILTON COOK.

If an executor innocently receives unlawful interest reserved in a note due to his testatoi, an action cannot be maintained against him personally to recover back threefold the amount of the usury so paid, although he is described in the writ as executor.

CONTRACT brought against the executor of the will of Maxcy Cook, to recover threefold the amount of usury paid to him by the plaintiffs. The writ commanded the officer "to attach the goods or estate of Milton Cook, . . . . . as he is executor of the last will and testament of Maxcy Cook," &c.; and the declaration alleged "that the defendant, as executor aforesaid, heretofore, to wit, on the 1st day of September 1861, took and received from them and the plaintiffs paid him as said executor the sum of $135.13, unlawful and usurious interest, . . . . . and the plaintiffs say that an action has thereby accrued to them to recover of said defendant the sum of $405.39," &c.

At the trial in the superior court, before *Lord*, J., the plaintiffs offered to show that in May 1851 Maxcy Cook lent to them the sum of $600, taking their note for $660, secured by mortgage; that they made partial payments upon the note; that Maxcy Cook died in 1861; and that the defendant, as executor, brought a writ to foreclose the mortgage, whereupon the plaintiffs, without objection or notice to the defendant that usury was reserved in the original contract, paid to him the full amount of the balance due upon the note. The judge, being of opinion that these facts, if proved, would not entitle the plaintiffs to maintain their action, so ruled, and a verdict was taken for the defendant. The plaintiffs alleged exceptions.

*T. G. Kent*, for the plaintiffs, cited Gen. Sts. *c.* 53, § 5; 2 Bl Com. 503; *Stebbins* v. *Palmer*, 1 Pick. 71, 78; *Cunningham* v

*Hall,* 7 Gray, 559; *Kendall* v. *Robertson,* 12 Cush. 156; *Lowe* v. *Waller,* 2 Doug. 736.

*G. F. Hoar,* for the defendant.

CHAPMAN, J.   The defendant in this action is called executor of the last will and testament of Maxcy Cook; but the form of the writ is such that a judgment, if the plaintiffs prevail, must be against him personally.   The object of the action is to recover the statute penalty for taking usurious interest.   It appears that the plaintiffs had given to the testator a note, in which unlawful interest was reserved.   The note was secured by mortgage, and the defendant as executor brought an action for foreclosure.   Whereupon the plaintiffs paid the note, including the usurious interest, without giving the defendant any notice that there was such interest reserved, and the defendant received it without knowledge of the fact.

By Gen. Sts. *c.* 53, § 5, where such interest has been paid, "the party paying the same may either by an action of contract or suit in equity recover back threefold the amount of the unlawful interest so paid, and no more."   But if this action prevails, the money cannot in strictness be said to be "recovered back."   The money paid to the executor has gone to the estate, while he must pay, *de bonis propriis,* the amount of the judgment recovered against him.   He will pay it as a penalty for having violated the usury laws.   In favor of an innocent person, the greatest strictness ought to be held; otherwise the law would enable the plaintiffs unjustly to ensnare him.   It may be further remarked that in the times when usury was regarded as a much graver offence than it now is, an usurious intent was necessary to be averred and proved in order to make a party liable to the penalty.   *N. Y. Firemen Ins. Co.* v. *Ely,* 2 Cow. 678.   *Archibald* v. *Thomas,* 3 Cow. 284.   And such an intent is negatived in the present case.   Even if the action had been brought to recover the penalty *de bonis testatoris,* the intent would seem to be wanting; but this we need not decide.

*Exceptions overruled.*