M. O'NEIL SUPPLY COMPANY, INC., Appellant, *v.* PETRO-
LEUM HEAT & POWER COMPANY, INC., Respondent.

Argued January 5, 1939; decided February 28, 1939.

*M. M. Leichter* and *John L. Ketcham* for appellant. The agreement is open to parol evidence to explain it, and all important inferences are in favor of plaintiff's construction. The inference is that Charles' breach of obligation to defendant was not intended to give defendant any right to rescind as to plaintiff, and since the exchange brought to the agreement by plaintiff as the basis of its claim for payment bears no relation whatever to performance by Charles of his obligation to defendant, the inference is that such performance was intended not as a condition precedent to plaintiff's right to payment, but merely as fixing the time thereof. (*Martin* v. *Crumb*, 216 N. Y. 500; *Mascioni* v. *Miller*, 261 N. Y. 1; *Berry Harvester Co.* v. *Wood Co.*, 152 N. Y. 540; *Union Ins. Co.* v. *Central Trust Co.*, 157 N. Y. 633; *Hughes* v. *Cuming*, 165 N. Y. 91; Williston on Contracts, § 799; *Childs* v. *Smith*, 46 N. Y. 34; *De Long* v. *Zeto*, 135 App. Div. 79; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519; *Manson* v. *Curtis*, 223 N. Y. 313; *Hutchison* v. *Ross*, 262 N. Y. 381; *Simon* v. *Etgen*, 213 N. Y. 589; *Matter of People [Bond & Mortg. Guar. Co.]*, 267 N. Y. 419; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *M tter of Smith*, 254 N. Y. 283.)

*Ralph Royall* and *Archibald H. Cashion* for respondent. The contract is complete and unambiguous and its construction is for the court without the aid of parol evidence. The covenant sought to be enforced is conditional and the complaint is insufficient for failure to allege completion by Charles. (*Heller* v. *Pope*, 250 N. Y. 132; *Hutchison* v. *Ross*, 262 N. Y. 381; *Ayers* v. *Palatine Ins. Co.*, 234 N. Y. 334; *Higgs* v. *de Maziroff*, 263 N. Y. 473; *Amies* v. *Wesnofske*,

255 N. Y. 156; *Trustees of Columbia University* v. *Kalvin*, 250 N. Y. 469; *Lighton* v. *City of Syracuse*, 188 N. Y. 499; *Parsons* v. *Tilden*, 59 N. Y. 639.)

RIPPEY, J. Plaintiff appeals, by permission of this court, from a judgment entered upon the order of the Appellate Division, first department, unanimously affirming the judgment entered upon an order of Special Term dismissing the first cause of action on motion of defendant under rule 106 of the Rules of Civil Practice on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Plaintiff alleges that defendant and one Charles had entered into an agreement prior to July 16, 1936, whereby Charles agreed to do certain pipe installation and other work in connection with a heating plant that defendant was installing in the Lombardy Hotel and in adjacent buildings in New York city, that Charles had purchased certain materials from plaintiff and owed a balance thereon for which plaintiff was about to file a mechanic's lien against the real property in course of improvement and against defendant and Charles, and that Charles had stopped work because of disagreements with defendant. It appears that defendant had the general contract for the work and that Charles was its subcontractor.

The plaintiff further alleges that the plaintiff, Charles and defendant thereupon entered into a tripartite agreement in writing which is made a part of the complaint. It is this contract which furnishes the basis for the cause of action which has been dismissed. In the contract, it is recited that differences have arisen between the parties under the subcontract, that Charles has filed a lien against the property and that defendant has made certain payments to Charles for work already done under the contract. Charles agreed to waive any right which he might have on the lien filed and to any claim against defendant by lien or otherwise for past or future labor and services upon payment by defendant to Charles or to his assignee of $950. Charles agreed promptly to proceed with and complete the

work remaining to be done. Plaintiff agreed to furnish the necessary materials for completion of the work and to waive any right to a lien on the premises or to any further claim for payment for the materials already furnished or to be furnished on payment by defendant to it of the sum of $2,800 at its request " five days after the completion of the installation by said Thomas J. Charles in accordance with the contract or purchase orders No. 943, etc., above referred to and the specifications accompanying the same and approval of the same by Edwin A. Kingsley, engineer for Petroleum Heat & Power Company, Inc."

Charles failed to complete the installation and defendant finished the work. Plaintiff refrained from filing any lien and furnished all materials required for the completion of the contract and alleges that it fully performed all obligations specified in the contract to be performed by it. Defendant refused to pay the $2,800 which it agreed to pay on the sole ground that Charles personally did not complete the work. In the complaint, it is alleged that it was intended and agreed between the parties that the sum of $2,800 should be paid by defendant to plaintiff five days after the completion of the work or within a reasonable time thereafter and that " said completion bore upon plaintiff's right of payment solely as convenient means of fixation of the time thereof, and not as condition precedent to the right of such payment and the parties intended said right of payment should be absolute." To sustain the complaint, plaintiff is entitled to every favorable inference that reasonably may be drawn from the allegations that it contains.

Defendant claims, so far successfully, that completion of the installation by Charles was a condition precedent to its liability under the contract and much reliance is placed on *Amies* v. *Wesnofske* (255 N. Y. 156), but nothing was decided in that case which is contrary to the contentions of plaintiff. Upon the evidence in that case, the jury found that defendants had agreed to pay to plaintiffs, acting as real estate brokers, certain commissions " on the closing of

title " to premises being sold by defendants to third parties. Title was never closed, the closing was neither prevented nor hindered by defendants and there was no waiver by defendants of the condition precedent to liability. It was held that plaintiffs could not recover. In such a case the obligation itself was contingent. The promise to pay extended to the debt itself. We think that here it could be found that it was the intention of the parties that the debt should be fixed and absolute and that the condition concerning payment attached solely to the event of completion of the work, the happening of which established a convenient time of payment (3 Williston on The Law of Contracts [Rev. ed.], § 799).

It is true that the time of payment to plaintiff was to be fixed by the consummation of a condition, but that condition was that the subcontract between Charles and defendant should be completed, that the work should be approved by defendant's representative and that five days should elapse thereafter before payment could be required. The finishing of the work by Charles individually was not a material part of the contract between plaintiff and defendant. It might have been material as between Charles and the defendant. The promise of defendant to pay was independent of the completion of the work by Charles individually, the time of payment being based alone on the happening of the condition stated (*Childs* v. *Smith*, 46 N. Y. 34). That is clearly inferable from the situation appearing from the contract and from the allegations of the complaint. The plaintiff had no pecuniary interest in the completion of the work by Charles individually. As to completion under the subcontract, defendant only could compel Charles to perform. Failure of Charles to perform was no fault of plaintiff. Payment to plaintiff could not have been interminably held up merely because of non-performance by Charles. The duty of defendant to see that the work was completed within a reasonable time was clearly implied. " Every contract implies good faith and fair dealing between the parties " and the promise of

defendant will be implied if not found in the express terms of the contract (See *Wigand* v. *Bachmann-Bechtel Brewing Co.*, 222 N. Y. 272, 277, 278). Plaintiff could not have understood the contract to provide that payment would be conditioned upon the whim or caprice or failure of defendant to show good faith or to exercise due diligence in effecting the completion of the work. If the contract may be construed in more senses than one, such construction should be adopted as will be more beneficial to and as understood by the promisee (*Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405, 413; *White* v. *Hoyt*, 73 N. Y. 505). It cannot be inferred from the contract that plaintiff gave up its right to file a lien or to recover at all for materials furnished or to be furnished on any assumption that defendant would not cause the contract for the completion of the work to be performed within a reasonable time (*Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519, 523). Plaintiff was no longer satisfied to rely on the credit of Charles or upon him for payment. Plaintiff was looking to defendant for payment and not to Charles; defendant specifically agreed to pay a sum fixed by the terms of the contract at a reasonably definite time after the date of its execution. The inducement for plaintiff to enter into the agreement lay in defendant paying the price fixed for the materials and that was the part of the agreement that made it safe for plaintiff to part with its rights and property (*Hughes* v. *Cuming*, 165 N. Y. 91).

The fundamental rule in the construction of all agreements is to ascertain the substantial intent of the parties (*Kennedy* v. *Porter*, 109 N. Y. 526, 544; *Canal Co.* v. *Hill*, 15 Wall. [U. S.] 94). The purpose to be accomplished and the object to be advanced may be considered (*Manson* v. *Curtis*, 223 N. Y. 313, 320; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519, 524) and may, if necessary, be shown by parol evidence as bearing on the consideration for the written instrument (*Hutchison* v. *Ross*, 262 N. Y. 381, 398). If it is claimed by defendant that a construction should be placed on the contract other than has been

indicated, or any doubt arises from the writing itself, the court must look into the intention of the parties to be derived not alone from the words used but it must be read, so far as they may be ambiguous, in the light of the surrounding facts and circumstances (*Berry Harvester Co.* v. *Wood M. & R. Mach. Co.*, 152 N. Y. 540; *Wilson* v. *Ford*, 209 N. Y. 186, 196), in which event parol evidence may be introduced as to those facts and circumstances without violating the parol evidence rule (*Matter of Smith*, 254 N. Y. 283, 289; *Mascioni* v. *Miller, Inc.*, 261 N. Y. 1). While ordinarily the interpretation of written contracts is for the court alone, in any event, " the most that can be said for the defendant is that its meaning is ambiguous, and that its construction was for the jury." (*Martin* v. *Crumb*, 216 N. Y. 500, 505). If exploration to find the intent of the parties necessarily extends beyond the written words of the contract, defendant will not be heard to complain.

Upon the facts appearing in the complaint in this case, hairline distinctions will not be drawn nor circuitous reasoning indulged nor technicalities relied on to bar recovery on a contract based on valid considerations which has for its purpose the securing of payment of what appears to be a just debt where the intent that it should be paid is clear. If the agreement is capable of a construction which will make it valid and enforceable, that construction will be placed on it (3 Williston on The Law of Contracts [Rev. ed.], § 769; *Archibald* v. *Thomas*, 3 Cow. 284, 290; *Standard Oil Co.* v. *Scofield*, 16 Abb. New Cases, 372; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405; *Franklin Life Ins. Co.* v. *Wallace*, 93 Ind. 7; *Chicago, B. & Q. R. R. Co.* v. *City of Aurora*, 99 Ill. 205). If the completion of the work by Charles individually was a condition precedent to any payment at all to plaintiff, if the debt itself was contingent, the defendant cannot rely on the condition precedent to prevent recovery where the non-performance of the condition was caused or consented to by itself (*Young* v. *Hunter*, 6 N. Y. 203).

The judgments should be reversed and the motion denied, with costs in all courts, and ten dollars costs of motion. (See 280 N. Y. 687.)

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., taking no part.

Judgments reversed, etc.