APRO REALTY Co., INC., Respondent, *v.* WILLIAM ROSENBERG, Appellant, et al., Defendants.

First Department, June 22, 1943.

*Arthur Garfield Hays* of counsel (*John Schulman* with him on the brief; *Hays, St. John, Abramson & Schulman,* attorneys), for appellant.

*Joseph M. Proskauer* of counsel (*Louis Rosenberg* and *Irwin H. Rosenberg* with him on the brief; *Rosenberg & Rosenberg,* attorneys), for respondent.

CALLAHAN, J. Appellant Rose has been held liable for two separate items of damage on a guarantee executed by him of a lease between plaintiff, as landlord, and Theatre Restaurants, Inc., as tenant, of certain business premises in the city of New York. The lease provided for a fixed or minimum rental for the period involved at the rate of $110,000 a year and " further rentals " representing a share in the " net profits " of the business conducted by the tenant in the leased premises. The lease was an exceptionally long and involved document. The methods to be followed in fixing " net profits " were set forth in minute detail in the lease. Certain sums were fixed or assumed arbitrarily as the figures to be used in ascertaining net profits.

The appellant was held liable in the sum of $35,000 under the provisions of the second paragraph of the contract of guarantee which reads as follows: " Two: — The party of the first

part [Rose] does in addition guarantee the payment unto the party of the second part [plaintiff] of the sum or sums representing from time to time the ' further rentals ' predicated upon the ' net profits ' of the ' tenant ', or assumed to be predicated upon ' net profits ' of the ' tenant ', as and when such ' further rentals ' are from time to time provided to be paid or become due and payable pursuant to the agreement of lease dated this day, entered into between Apro Realty Co., Inc., as ' landlord ' and Theatre Restaurants, Inc., as ' tenant ', and the party of the first part guarantees that the sum or sums equivalent to or assumed to be equivalent to the said ' further rentals ' (and designated in the said agreement of lease as ' further rentals ') will be paid from time to time by the ' tenant ', as and when the party of the second part pursuant to such last mentioned agreement of lease, becomes entitled thereto.''

The question presented is one of construction and is whether the foregoing clause read in connection with the lease was intended to hold the guarantor liable for a deficiency or claim for damages granted to the landlord under the 26th paragraph of the lease in the event the tenant surrendered the premises, or was dispossessed. Undoubtedly the tenant's liability survived dispossess. It is likewise beyond dispute that appellant's guarantee did not cover the fixed or minimum rent of $110,000 a year.

Paragraph 26 of the lease, insofar as relevant, reads as follows: '' Twenty-sixth: In the event of the ' landlord ' resuming possession of the ' demised premises ', either by summary proceedings, action of ejectment, or otherwise, * * * the ' tenant ' agrees to pay to the ' landlord ' at the end of each monthly rent period, until the date hereinabove specified for the end of the full term originally provided for in this lease, the deficiency between the sum (if any) received by the ' landlord ' during such monthly period for rent, income and/or operating profits from the ' demised premises ' * * * and the sum equal to one-twelfth (1/12) of Two Hundred fifty thousand ($250,000) Dollars, the latter sum representing by agreement of the parties hereto, the aggregate of the fixed minimum annual rental and the ' further rentals ' above specified predicated upon the ' net profits ' of the ' tenant ' and/or its ' subsidiaries or affiliates ', as herewith conclusively determined by the parties hereto (should such a contingency arise) in lieu of the fixed minimum rental and the ' further rentals ' based upon the percentage of the ' net profits ' which would otherwise have been payable by the ' tenant ' during such monthly rent period under the pro-

visions of this lease, if the ' landlord ' had not resumed possession of the ' demised premises ' * * *.' "

It will be seen that the damages for which the tenant was made liable under paragraph 26 was at the rate of $250,000 a year, less any sum salvaged by the landlord. As the fixed rent was $110,000 a year the parties thus agreed on $140,000 a year as damages to cover the loss of net profits from the restaurant business. Rose has been held liable for this amount for the months involved under the construction that when he guaranteed payment of " further rentals ", or sums " assumed to be * * * ' further rentals ' ", it was intended that he was to guarantee the damages above referred to. He asserts that to the contrary the intention of the parties was merely that he was to guarantee payment of net profits actually collected while the tenant conducted the restaurant and that the guarantee did not cover any damages after dispossess. We find considerable ambiguity in the language used. It is to be noted that " further rentals " and " net profits " were used in quotation marks throughout the paragraph involved. Whether the expressions " assumed to be predicated upon ' net profits ' " and " equivalent to or assumed to be equivalent to the said ' further rentals ' " as used in the guarantee were intended to cover the sums specified in paragraph " Twenty-sixth " as payable as damages in lieu of " further rentals " is the issue presented. Reference to paragraph fifth of the lease will show that the parties had assumed certain premises for the purpose of arriving at " net profits " in fixing " further rentals ". Did " assumed " as used in the guarantee refer to this arbitrary fixation of profits, or to the arbitrary fixation of $140,000 as damages? It would have been a simple matter to say that appellant guaranteed payment of the additional $140,000 fixed as damages if that were the intention of the parties. Here the matter of interpretation of the instrument depends on the sense in which words were used, and the ascertainment of the intention of the parties presents a question of fact for the jury. (*White* v. *Hoyt,* 73 N. Y. 505.) Consideration must be given to surrounding facts and circumstances in determining such an issue. (*O'Neil Supply Co.* v. *Petroleum H. & P. Co.,* 280 N. Y. 50.) We deem that it was error for the trial court to refuse to submit this issue of construction to the jury.

This requires us to reverse the judgment insofar as appellant Rose was held liable for $35,000 damages under the second cause of action pleaded against him, and to order a new trial of the issues raised under that cause of action.

Appellant was also held liable in the sum of $7,500 ($27,500 less a credit of $20,000) under the third cause of action pleaded against him. • This item of damage is based on an obligation alleged to have been assumed by him under the fifth paragraph of the guarantee which, so far as material, provided " that during the full term provided for in the agreement of lease * * * he [Rose] will not in any event, directly or indirectly be engaged, interested, occupied, or associated with any theatre restaurant, * * * except if at the same time the theatre restaurant referred to in the agreement of lease * * * be conducted at the demised premises * * * with the party of the first part [Rose] functioning as its producer and supervisor * * *."

Clearly this covenant meant that appellant would not during the term of the lease operate another restaurant unless the restaurant on the demised premises was operated at the same time. Rose was operating another restaurant when the lease was entered into. The parties knew of that and did not intend to stop it so long as the restaurant in the leased premises was kept open. We deem that we must construe the restrictive covenant so as to hold that it was not breached after plaintiff ended the demised term by dispossess proceedings, and thus made it impossible for appellant to supervise a restaurant maintained by the tenant " during the full term " of the lease. Otherwise the covenant amounts to one to keep the restaurant open in any event and this would be, in effect, a guarantee of the payment of minimum rent which, concededly, Rose refused to guarantee. There might be some weight to respondent's argument that the appellant was attempting to take advantage of his own wrong if he were the tenant and he had merely stopped operating a restaurant in the demised premises. Here cessation was followed by a dispossess proceeding brought by the landlord, making resumption of the business conducted in the premises impossible. Appellant can only be held liable if he breached his covenant. We think that the obligation assumed under the fifth paragraph of the guarantee did not contemplate that the guarantor would be liable for damages after the term had been ended by dispossess. Under the circumstances we need not consider the correctness of the rule of damages applied by the trial court as to this cause of action. The third cause of action against appellant should have been dismissed.

The judgment should be reversed, the third cause of action dismissed, and a new trial ordered as to the second cause of action against the defendant Rose, with costs to said appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously reversed, the third cause of action dismissed, and a new trial ordered as to the second cause of action against the defendant Rose, with costs to the appellant to abide the event.