Vincent N. Trimarco, J.
This is a motion by the defendant Freeman for leave to reargue the motion heretofore made by the plaintiff Allan S. Feldman & Co. to strike out the answer *652 of the said defendant Freeman and granting said plaintiff summary judgment against said defendant, and upon such reargument denying said motion for summary judgment.
The motion for reargument is granted, and upon reargument the original decision of this court granting said plaintiff summary judgment against said defendant is adhered to.
The action of the plaintiff Allan S. Feldman & Co. (hereinafter referred to as “ Feldman ”), is to recover the sum of $500 for real estate brokerage commissions arising out of a leasehold transaction in which plaintiffs acted as brokers in securing a tenant for certain store premises at 1006 Teaneck Road, Teaneck, N. J., owned by the defendant Freeman. In the early part of 1954 the defendant employed plaintiffs as brokers to secure a suitable tenant for his premises. They procured one, Ira Mason. A lease was executed between the defendant Freeman, as landlord, and Mason, as tenant. As part of the commission arrangement, Mahler, the codefendant herein, the attorney representing Freeman on the closing of the aforesaid lease, received $500 from Freeman, his client to hold in escrow. Said sum of $500 represented commission due to Feldman as agreed to by defendant Freeman. A letter of receipt was issued by attorney Mahler to Feldman, as follows:
“ Mortimer L. Mahler Counsellor at Law 35 Church St.
Paterson, N. J.
February 26, 1954.
Allan S. Feldman & Co.
29 W. Burnside Ave.
Bronx, N. Y.
Gentlemen:
This is to advise you that I am holding in escrow, the sum of $500.00 this day received from Mr. Larry Freeman, and to be turned over to you for commissions in connection with the leasing of property at 1006 Teaneck Road, Teaneck, N. J. The proceeds of this check will be delivered to you when the new tenant, Mr. Ira Mason, actually opens his retail clothing store for business.
Very truly yours,
Mortimer L. Mahler.”
The lease afore-mentioned was dated February 18, 1954, but was actually closed on February 26, 1954. The same was duly recorded in the clerk’s office of Bergen County, State of New Jersey, on March 1, 1954. After the lease was closed plaintiff *653 Feldman ascertained that the defendant Freeman voluntarily permitted the tenant, Mason, to surrender the lease and returned to Mason the $1,000 paid by him on the execution thereof; $500 thereof representing the first month’s rent and the balance of the security under the lease. The surrender was effected by the defendant Freeman on March 19, 1954. The tenant Mason at no time entered into possession of the premises.
The plaintiff Feldman contends that he knew nothing about the surrender of lease until some time later, nor was he advised at any time by defendant Freeman of the negotiations leading to the surrender.
It is conceded by the defendant Freeman that releases were exchanged by him and the tenant Mason, and the sum of $1,000 theretofore paid by Mason was returned to the latter.
Defendant Freeman contended on the original motion for summary judgment against him, and still contends, that plaintiff Feldman was not, and is not, entitled to any commission since the actual agreement was that the $500 deposited with Mahler, in escrow, would become due and owing to Feldman only if the tenant Mason actually entered into possession of the premises.
Plaintiff Feldman, on the other hand, contends that defendant Freeman was under no legal obligation to accept from Mason a surrender of the lease, and that he was under a legal duty to at least procure the amount of their commission before accepting the surrender of lease. Feldman further contends that inasmuch as Freeman acted as a volunteer and without legal compulsion and without plaintiffs’ participation in the tenant’s release, he rendered it impossible for the tenant to fulfill the condition of taking possession, and that since Freeman prevented the fulfillment of the contract condition (assuming it as a condition), it has been waived.
The case at hand presents for interpretation a writing made in the State of New Jersey. The court agrees with counsel for plaintiff that it is immaterial whether same be interpreted according to the laws of New Jersey or of New York. In any event, Freeman does not raise this issue.
The leading New York case on the subject is Amies v. Wesnofske (255 N. Y. 156). At pages 162-165 the court states:
“ The question remains whether the condition qualifying the promise, that it should become performable only upon ' the closing of title, ’ has remained unfulfilled, because of any fault upon the part of the defendants. If a promisor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure. (Williston on Contracts, vol. 2, § 677; Dolan v. Rodgers, *654 149 N. Y. 489; Matter of Casualty Co. [Bliss Co. Claim], 250 N. Y. 410, 419.) ‘ It is a well-settled and salutary rule that a party cannot insist upon a condition precedent, when its nonperformance has been caused by himself.’ (Young v. Hunter, 6 N. Y. 203.) (Emphasis supplied.) ‘ It is as effective an excuse of performance of a condition that the promisor has hindered performance as that he has actually prevented it.’ (Williston on Contracts, vol. 2, § 677.) The American Law Institute, in its ‘ Restatement of the Law of Contracts ’ (Tentative Draft No. 6, § 289), under the heading ‘ Excuse of Condition by Prevention or Hindrance,’ says: ' If a promisor prevents or hinders the occurrence of a condition, or the performance of a return promise, and the condition would have occurred or the performance of the return promise been rendered except for such prevention or hindrance, the condition is excused, and the actual or threatened non-performance of the return promise does not discharge the promisor’s duty.’ The doctrine is purely one of waiver; active conduct of the conditional promisor, preventing or hindering the fulfillment of the condition, eliminates it and maltes the promise absolute. (Emphasis supplied.) No such doctrine can be efficacious to compel positive action by the promisor to bring about the performance of the condition. For that result the implication of a promise would be requisite. The vendor of property makes no contract with his broker to procure from the vendee the performance of a contract of sale. (Fox Co. v. Wohl, 255 N. Y. 268.) The situation justifies no implication to that end, for the broker, in placing reliance upon the self-interest of the vendor in procuring performance from the vendee, is ordinarily secure. On principle, then, the duty of a vendor to his broker is fulfilled if he remain passive and neutral, the condition, upon which the payment of commissions is made to depend, is waived only where the vendor is active to prevent or hinder its performance. The principle has been applied in many jurisdictions.
“ It has been very generally held that a vendor is under no duty to his broker to enforce specific performance by the vendee, when commissions are conditioned upon performance; that the vendor may accept forfeiture by the vendee, retain the down payment made, and not become liable thereby to pay his broker. * * *
“ In this instance, on the day fixed for the closing of title, as postponed by mutual agreement, the vendees declined to proceed with performance. The forfeiture, unequivocally declared by the vendees, was accepted by the vendors. True, the parties entered into a new agreement whereby the vendors *655 were to retain the $10,000 previously paid and the vendees were to be released from their contract obligations. However, the vendors received from the agreement no right or thing which the law had not already given them, viz., the sum of $10,000 and the right to retain it. The defendants, therefore, neither prevented nor hindered performance. ’ ’
The said case of Amies v. Wesnofske (supra) appears at first reading to afford Freeman, the defendant herein, a defense to plaintiffs ’ cause of action. On further study and consideration, however, the factual situation is found to be different and distinguishable. In the Amies case the contract had not been consummated; whereas, in the instant case it had been consummated. The lease had been executed and recorded, and the first month’s rent and security thereunder paid to the defendant Freeman. The surrender of the lease and the acceptance thereof by Freeman, a voluntary act on his part, prevented performance of the condition (if any) and rendered performance impossible. He may not profit by it. There was, therefore, a waiver of the conditions by Freeman by this positive act on his part hindering or preventing performance.
The Court of Appeals again has passed upon the principle involved in the Amies case. In O’Neil Supply Co. v. Petroleum H. & P. Co. (280 N. Y. 50) at page 56, the court in the concluding sentences of its opinion stated: “ If the completion of the work by Charles individually was a condition precedent to any payment at all to plaintiff, if the debt itself was contingent, the defendant cannot rely on the condition precedent to prevent recovery where the non-performance of the condition was caused or consented to by itself (Young v. Hunter, 6 N. Y. 203).” (Emphasis supplied.) The case of Amies v. Wesnofske (supra) is distinguished in the O’Neil case and the same distinction applies in the case at bar.
A similar result was arrived at in the case of Sidella Export-Import Corp. v. Rosen (273 App. Div. 490, 492): “ A party cannot insist upon a condition precedent such as the fixing of a legal price when its nonperformance has been caused by himself (Amies v. Wesnofske, 255 N. Y. 156; Patterson v. Meyerhofer, 204 N. Y. 96) ”.
The court accordingly holds that under the New York law, the moving plaintiff is entitled to summary judgment.
On the other hand, if, having been made in New Jersey, the agreement is interpreted according to the law of New Jersey, the leading case in that State is referred to in the dissenting opinion in the Amies case (supra) namely, Dermody v. New Jersey Realties (101 N. J. L. 334). The court, therefore, takes *656 judicial notice of the law of New Jersey as enunciated therein where it is said: ‘ ‘ Where a real estate agent produces a purchaser able to buy, who is accepted by the vendor, with whom he enters into a contract, but afterwards defaults and settles with the vendor by the payment of a sum of money as damages for his breach of the contract, the agent’s commission under his contract with the vendor is earned, notwithstanding it was stipulated to be paid at the time of passing title, which did not pass, because the contract of settlement substitutes payment of damages to the vendor, in the place of the purchase-money stipulated in the contract of sale and purchase, which contract was brought about by the agent’s services.”
In this case, although the defendant Freeman did not settle for damages, by his settlement he obtained the equivalent of property rights. He was restored by the surrender of lease, agreed to by his voluntary act, to the possession of his property.
The affidavits of the defendant Freeman on this motion for reargument reveal no changes or new matter relative to the facts and consist mostly of argumentative matter. The agreement coupled with the concession by Freeman of his voluntary acceptance of the surrender of the tenant’s lease, leaves in dispute no factual matter having any bearing on the legal principles to be applied, and therefore in this court’s opinion Freeman’s answer was properly stricken and summary judgment was properly directed accordingly in favor of plaintiff.
Settle order on two days’ notice.