Aron Steuer, J.
Defendant moves to dismiss the complaint as failing to state a cause of action. The complaint on its face is valid. The difficulty arises when the allegations are limited by the bill of particulars. As both parties have addressed themselves ¡to the allegations of the complaint as so limited, the motion will be considered as one for judgment on the pleadings.
The complaint is on a contract of guarantee executed by the defendant on July 31, 1956, and guarantees the payment of all debts due or contracted for by a corporation called the Corinthian Company. The guarantee runs to Burlington Industries, Inc., and any of its subsidiaries. Its stated purpose is to induce said Burlington Industries and any of its subsidiaries to extend credit to the Corinthian Company. Plaintiff became a subsidiary of Burlington Industries, Inc., on November 12, 1958. On that date the bulle of the indebtedness of Corinthian Company for which it is now suing already existed. .
It must be patent that defendant is not liable for the indebtedness created before November 12, 1958. The guarantee states that it is given to Burlington Industries, Inc., and its subsidiaries to induce them and each of them to extend credit. Plaintiff certainly did not extend credit in reliance on this guarantee during the period before it became such a subsidiary. Plaintiff argues that as the guarantee is a continuing one, it was possibly in the contemplation of the parties that the identities of the subsidiaries would from time to time undergo changes and that the contract was intended to include such changes. Whatever may have been the actual intent, the expressed intent, which is what governs, is not that.
On the balance of Corinthian’s indebtedness, the situation is not quite so clear. Defendant contends that the contract, though it does not so state expressly, includes only those subsidiaries which occupied that position on the date of its execution and that it would not apply to a corporation subsequently affiliated with Burlington Industries, Inc. On this point the contract is not clear.
It is defendant’s contention that in a contract of guarantee this ambiguity should be resolved in favor of the guarantor. The true rule of interpretation of contracts of guarantee *968 requires ambiguities to be resolved in the same maimer as in all other contracts (Apro Realty Co. v. Rosenberg, 266 App. Div. 398).
It follows that as regards certain items, recovery might be had. The issue cannot be resolved on motion. Motion denied.