■ In the Matter of M. JAMES LYNCH, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC PUBLIC SCHOOLS et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioner to his teaching position, petitioner purports to appeal from (1) a decision of the Supreme Court, Putnam County, dated December 8, 1976, and (2) an order of the Supreme Court, Westchester County, dated December 21, 1976, and entered in Putnam County, which, upon renewal, adhered to the original decision. This court has treated the notice of appeal as a premature notice of appeal from a judgment of the Supreme Court, Putnam County, dated January 25, 1977, which (1) dismissed the petition and (2) granted respondents' counterclaim to the extent of finding that "petitioner be deemed to have submitted his resignation effective December 31, 1976". Appeal from the decision and order dismissed. No appeal lies from a decision or an order granting renewal of a decision. Judgment reversed, on the law, and proceeding remanded to Special Term for a trial in accordance herewith. Petitioner is awarded one bill of $50 costs and disbursements to cover all appeals. Petitioner is a tenured teacher employed by the Mahopac Public Schools. After certain complaints from students were received and an investigation conducted, the board of education voted to find probable cause to charge petitioner with immoral conduct, conduct unbecoming a teacher and insubordination. However, rather than the matter progressing to a

hearing as prescribed in section 3020-a of the Education Law, an agreement was reached between the parties. The exact terms of this agreement are ambiguous and disputed. Both parties submitted affidavits in support of their respective contentions. There is also an equally sharp dichotomy as to whether the board of education had taken formal action which would bar its vote not to reinstate the petitioner pursuant to the doctrine of *res judicata* (see *Matter of Evans v Monaghan,* 306 NY 312). It is the responsibility of the courts to interpret written instruments (4 Williston, Contracts [3d ed], § 601). "Only where the intent must be determined by disputed evidence or inferences outside the written words of the instrument is a question of fact presented *(O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 N. Y. 50, 56; Restatement, 2d Contracts, T. D. No. 5, § 238, esp. Comment *d.)" (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). The instant case deals with a disputed informal agreement and opposing statements of fact. A trial will provide an opportunity for the parties to submit evidence to resolve the issues. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.