■ JACK E. GINDI, Respondent, v MICHAEL M. FALLAS, Appellant.—Order, denominated order and judgment, Supreme Court, New York County (William P. McCooe, J.), entered February 4, 1988, which granted plaintiff's motion for leave to amend the complaint to increase the ad damnum clause by $2,000 for each month that payment had not been made to

date and granted plaintiff's motion for summary judgment at that rate and for that period, resulting in an award in plaintiff's favor in the amount of $70,000, plus interest, unanimously modified, on the law, to the extent of reversing that part which granted summary judgment for moneys due and owing beyond December 1986, the effective date of the lease's termination, and, *sua sponte,* granting summary judgment in favor of defendant dismissing so much of the complaint as sought recovery of payments subsequent to the December 1986 termination of said lease, and, except as thus modified, affirmed, with costs and disbursements to defendant.

The parties entered into a written agreement by which plaintiff guaranteed defendant's lease to his landlord for commercial property located in the Grand Hyatt Hotel. In consideration of the guarantee, plaintiff was to receive $2,000 per month, payable on the first day of each month during the term of the lease, commencing October 1, 1981. Defendant made payments as required through October 1982 but thereafter defaulted. In a prior action to recover payments due and owing, plaintiff was awarded $56,944, representing payments due through February 1985, plus costs and disbursements. This court affirmed the judgment entered thereon. (118 AD2d 1053.) The lease agreement was in full force and effect at the time of the trial. Thereafter, on October 22, 1986, defendant entered into an agreement with the landlord terminating the lease, effective December 15, 1986. Plaintiff thereafter commenced this action to recover additional arrears for the period from March 1985 to the commencement of the action. Plaintiff moved for leave to amend the complaint to increase the ad damnum clause to permit recovery of $2,000 per month from March 1985 through and including the entry of judgment. In addition, he sought summary judgment at that rate and for that period, claiming that the earlier judgment for arrears under the guarantee was res judicata on the issues here presented. The motion court granted both aspects of the motion, finding that the surrender of the lease did not affect defendant's liability for subsequent payments since the phrase in the guarantee providing for $2,000 monthly, " 'continuing for the *entire* term of the Lease' " was clear and unambiguous. We disagree and modify to terminate defendant's liability as of December 1986, when the lease was terminated.

The guarantee provided for the payment of $2,000 per month for the "entire term of the Lease and any extensions or renewals thereof." One of the fundamental rules of construction is to ascertain the intent of the parties, after due consid-

eration is given to the purposes to be accomplished and objectives to be advanced. *(O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50, 55-56.) Here, the parties clearly wished to provide compensation to plaintiff for his guarantee of defendant's leasehold obligations. The term of the obligation to pay compensation was not for a fixed period of time, but coextensive with the life of the lease. Had the parties intended that payment be made for a specified term, they could have so provided. Instead, the obligation was keyed to the life of the lease and any subsequent extensions thereto. Thus, we find it within the contemplation of the parties that the premature termination of the lease was to absolve defendant of any future payments.

We modify to limit defendant's liability accordingly. Concur —Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.