■ TING KOU CHENG, Also Known as HENRY CHENG, et al., Doing Business as GOLDEN RABBIT, Appellants, v BREWRAN VILLAGE HUDSON ASSOCIATES, Respondent.—Order of the Supreme Court, New York County (Carol H. Arber, J.), entered December 21, 1990, which denied plaintiffs' motion for a preliminary injunction, converted defendant's cross-motion to dismiss the complaint to a motion for summary judgment (CPLR 3211 [c]) and denied the cross-motion, with leave to renew, pending the hearing and report of a Referee, unanimously modified, on the law, to the extent of granting defendant summary judgment and, except as so modified, affirmed, without costs.

Plaintiffs-lessees commenced this action seeking damages arising out of defendant-lessor's asserted breach of a protective covenant in its lease which states that defendant "shall not enter into a lease with a tenant who intends to use the premises as a greeting card or stationery store." Plaintiffs contend that the sales of stationery and greeting cards by Action Discounts, a health and beauty merchandise store operated by Gomer Inc. which leases space from defendant adjacent to that occupied by plaintiffs' business, constitutes a violation of this covenant. In the order appealed from, Supreme Court stated that the dispositive issue is whether the sales of such items are merely "incidental" to Action Dis-

counts' regular business. Supreme Court denied plaintiffs' application for preliminary relief, converted the cross-motion to dismiss to a motion for summary judgment and denied the motion, with leave to renew, pending a reference to determine what the court characterized as "the sole issue of fact," *viz.* "whether the Health and Beauty Aids Business is in fact earning fifteen percent or less from the sale of stationery in order to qualify as incidental under *Peoples Trust Co. v Schultz [Novelty & Sporting Goods Co.,* 244 NY 14]".

Apparently, the parties did not, as directed by Supreme Court, serve a copy of the order on the office of the Special Referee. Instead, according to defendant's brief, the parties entered into a stipulation that "the total sales by Action Discounts for stationery and greeting cards did not exceed 15%, thereby obviating the need for reference. The parties also stipulated to the entry by Respondent of judgment in its favor dismissing the complaint so that the matter would be ripe for appeal. However, as of the present time, apparently because of delays due to the budgetary crisis, Respondent has not been able to enter judgment pursuant to the stipulation between the parties." Neither the stipulation entered into by the parties nor the proposed judgment submitted for entry have been furnished to this court as part of the record on appeal.

Upon the record before the court, the only questions which may be addressed on appeal concern the propriety of Supreme Court's order entered December 21, 1990. As limited by their brief, plaintiffs assert as error, *inter alia,* the conversion of defendant's motion to dismiss the complaint into a motion for summary judgment without giving "adequate notice to the parties" (CPLR 3211 [c]) and certain findings of fact and conclusions of law made by the court as a result of which, plaintiffs contend, it "conditionally granted" summary judgment to defendant.

It is apparent that the parties, by stipulating to the "sole issue of fact" identified by Supreme Court and to entry of judgment "so that the matter would be ripe for appeal", have endeavored to present this court with "a purely legal question" amenable to summary resolution *(Mihlovan v Grozavu,* 72 NY2d 506, 508). The arguments presented in their respective briefs indicate that the parties are "deliberately charting a summary judgment course" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320). The question is therefore whether, on the record before us, either party is entitled to judgment as a matter of law *(Winegrad v New York Univ. Med. Center,* 64

NY2d 851; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111).

The uncontroverted affidavit of the president of Gomer Inc., which operates the adjoining health and beauty merchandise store, states that the extent of its business represented by sales of greeting cards and stationery is approximately 2 percent and 13 percent, respectively. The only legal issue presented for resolution upon these facts is whether this volume of sales by the corporation of items which compete with similar merchandise sold by plaintiffs constitutes a breach of the protective covenant in plaintiffs' lease. We hold that it does not.

The covenant at issue provides: "Owner agrees that for so long as it owns the commercial units at the condo it shall not enter into a lease with a tenant who intends to use the premises as a greeting card or stationery store." As in *Peoples Trust Co. v Schultz Novelty & Sporting Goods Co. (supra),* relied upon by plaintiffs, the covenant does not promise that Gomer Inc. or any other tenant will not sell merchandise which competes with that sold by the lessee. However, in *Schultz* (244 NY, *supra,* at 20), the issue before the court was "whether the business of the subtenants is the same or similar" to that carried on by the complaining tenant. Upon a literal reading of the protective covenant at bar, the issues are whether it may be said that the business carried on by Gomer Inc. is a greeting card or stationery store and whether, at the time defendant entered into the lease with the corporation, defendant was aware that the corporation intended to use the premises as such. Even taking full cognizance of the obligation of good faith and fair dealing implied in commercial transactions *(O'Neil Supply Co. v Petroleum Heat & Power Co.,* 280 NY 50, 54-55; *Wigand v Bachmann-Bechtel Brewing Co.,* 222 NY 272, 277), defendant's promise cannot be extended beyond an obligation to refrain from leasing space to a tenant which is engaged in selling greeting cards and stationery as its primary business. This obligation has not been breached, and defendant is entitled to entry of judgment in its favor. Concur —Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.